342 So.2d 530 (1977)
In re ESTATE OF Bernard J. HERSKOWITZ, Deceased.
Judith HERSKOWITZ, As Claimant, Appellant,
v.
Marvin J. HERSKOWITZ, As Executor of the Estate of Bernard J. Herskowitz, Appellee.
No. 75-1355.
District Court of Appeal of Florida, Third District.
February 8, 1977.
Rehearing Denied March 4, 1977.
Judith Herskowitz, in pro. per.
Noriega, Bartel, Chopp, Schatz, Levine & Shuford, Simon, Hays & Grundwerg, Miami, Smith, Mandler, Smith, Parker & Werner, Miami Beach, for appellee.
Before HENDRY, C.J., and PEARSON and HAVERFIELD, JJ.
PEARSON, Judge.
Judith Herskowitz is the former wife of Bernard J. Herskowitz who died on August 26, 1974. Mr. Herskowitz's estate is being probated in Dade County, Florida. Mrs. Herskowitz holds a judgment against Mr. Herskowitz for $46,500 representing an unpaid special equity in Mr. Herskowitz's assets which had been adjudged against Mr. *531 Herskowitz as a part of the final judgment of divorce. This appeal is from an order of the circuit court in probate which denied Mrs. Herskowitz's motion for extension of time to commence action upon her claim. The motion was filed pursuant to Section 733.18, Florida Statutes (1973). We reverse upon a holding that the evidence presented at the hearing upon the motion established good cause for an extension of time to file suit upon the claim.
Bernard Herskowitz died leaving a will which created a trust to receive all his assets. The will appointed his brother Marvin, as trustee. Marvin Herskowitz is also the executor of Bernard's estate. During her former husband's lifetime, Judith received payments of alimony and child support from Bernard. She and the children were dependent upon these payments. Upon the commencement of probate, Judith requested Bernard to make payments for the support of the children. Bernard represented that there were no funds available, but promised to pay the special equity judgment if she would agree to use it for the support of the children. Judith was forced, in order to protect her rights, to move herself and the children to Dade County, Florida, from New York City. She has had a succession of attorneys, but none has worked with her for long. The probate of Bernard's estate proceeded regularly. Notice to creditors was published and Judith filed her claim. Judith testified that her conversations with the executor and with a family friend, who was the agent of the executor, led her to believe that the claim would be paid without objection. These conversations were before the filing of the claim. Apparently, after the filing of the claim, the executor did not communicate with his former sister-in-law at all and stood on his prior statement that her claim would be paid if she would agree that the money would be used only for the benefit of the children. It should be noted that the condition attached to the executor's agreement was illegal. The claim was valid or it was not valid. A personal representative of an estate has no right to use the payment of sums of money from the estate to accomplish personal objectives. If the claim was valid, as the executor's offer to pay upon condition indicates, then the money belonged to Judith Herskowitz and no one else. If Judith had agreed to the condition, then the corpus of the children's trust, of which the executor was also trustee, would have been relieved of the necessity for support for a considerable length of time. These matters appear from the record without conflict in the evidence.
The executor did file an objection to Judith's claim. The circuit judge found that Judith was personally served with the objection to the claim. This finding was upon conflicting testimony but on this appeal, it is, of course, binding on this court. See Federated Department Stores, Inc. v. Planes, 305 So.2d 248 (Fla. 3d DCA 1974). It was Judith's testimony that she did not file suit on her claim within the time limit because she relied upon the previous negotiations with the executor and because she was not personally aware that an objection had been filed.
Appellee points out that the granting or refusal of an extension of time to commence action upon a claim to which objection has been properly filed is a matter within the broad judicial discretion of the judge in probate. See Williams v. Gunn, 279 So.2d 69 (Fla. 1st DCA 1973); and see In re Estate of Tanner, 288 So.2d 578 (Fla. 2d DCA 1974). This is particularly so because "good cause" is a factual matter found by the trial judge to be true. The exercise of discretion is reviewable. In reversing an order extending time to file an objection to a claim, the Supreme Court of Florida has held:
"The power vested in the county judge under the statute to extend the time provided in the statute in given cases is limited to those instances in which good cause is made to appear to the county judge. This is not an unbridled power by any means. The exercise of such power is a judicial act and involves the exercise of judicial discretion. Judicial discretion, as we pointed out in Carolina Portland *532 Cement Co. v. Baumgartner, 99 Fla. 987, 128 So. 241, 247, `does not imply that a court may act, or fail to act, according to the mere whim or caprice of the presiding judge, but it means a discretion exercised within the limits of the applicable principles of law and equity, and the exercise of which, if clearly arbitrary, unreasonable, or unjust, when tested in the light of such principles, amounting to an abuse of such discretion, may be set aside on appeal.'" See Ellard v. Godwin, 77 So.2d 617, 619 (Fla. 1955).
We hold that the uncontroverted facts revealed by this record show good cause to extend the time for the appellant to file suit on her claim. It is undisputed not only that the executor knew of the hardship to the children and their mother caused by his brother's death, that he claimed that no funds were available and then conditioned any help upon a payment of the judgment, but also that he further conditioned that payment upon a requirement that the claimant was to receive no money for her own use. It is further undisputed that the parties were not dealing at arm's length, but in a claimed atmosphere of family concern. See the discussion in the case of In re Kemp's Estate, 177 So.2d 757 (Fla. 1st DCA 1965).
Therefore, the trial judge improperly denied the petition to extend time to file suit. We leave to the trial judge a determination of the particulars of his order upon remand and direct only that a reasonable time after the entry of that order be allowed to the petitioner for the filing of suit on her claim.
Reversed and remanded.