ENGLAND, Justice,
dissenting.
This case involves a simple issue of fact— what constitutes “good cause” for a claimant’s failure to commence a lawsuit against an estate within one calendar month after his or her claim has been formally rejected by the executor.[1]
*379 The Third District Court of Appeal has held, on the basis of its review of the facts in evidence in this proceeding, that an executor’s pre-claim negotiations with a claimant were “good cause” for an untimely filing, notwithstanding the trial court’s determination to the contrary.[2] I am satisfied that the district court’s decision conflicts directly with Shaw v. Shaw[3] on the basic proposition “that an appellate court may not substitute its judgment for that of the trial court by re-evaluating the evidence in the cause.” [4] This conflict is apparent from the face of the district court’s opinion, which concedes that “good cause” is a factual question and then evaluates the evidence to reverse the probate court’s determination that the facts do not show good cause within the meaning of the statute.[5]
It is clear, of course, that the legal standard on which the claimant principally relied before the appellate court — that the executor’s informal discussions with her had lulled her into a false sense of security regarding payment of the claim and thereby created “good cause” to excuse the late filing of a lawsuit — is an appropriate one for the relief requested. In re Estate of Sale, 227 So.2d 199 (Fla.1969). It is equally clear, however, that whether a “lulling” has occurred is a factual question as to which probate judges have broad discretion.[6] Unless there is absolutely no factual basis for the probate court’s conclusion, it would require an impermissible factual redetermination by the appellate court to override the exercise of that discretion. There is absolutely no justification on the record in this case to assert that the probate judge found an absence of “good cause” without a reasonable evidentiary foundation for so doing.[7]
The district court’s decision as to what constitutes good cause for obviating the statutory one month filing requirement in this case poses a more disturbing consideration than a mere misapplication of its review role; it presents what I consider to be an unsettling precedent for estate matters generally. As I read the court’s opinion in conjunction with the record in this case, the court has held that pre-claim negotiation discussions between an executor and a claimant with common family ties can constitute a circumstance sufficient to hold open the mandatory filing time of the statute, on the theory that the claimant was lulled into believing the claim would be paid, despite the fact that:
(1) the claimant at all times rejected the preconditions suggested by the executor;
(2) the executor at all times declared an unwillingness to pay the claim as the claimant demanded — that is, unconditionally;
(3) the claimant formally filed an unconditional claim after the parties could not agree to resolve their differences;
(4) after the claim was filed, “the executor did not communicate with [the claimant] at all”; [8]
*380 (5) the executor filed a formal objection to the claim in accordance with the proper statutory procedure;[9] and
(6) the claimant “was personally served with the objection.”[10]
The practical effect of this holding, I believe, is that there is now (at least in the Third District) no time limit for filing suits against an estate, contrary to the letter of the statute and the policy which favors a speedy settlement of estates.[11]
I suspect it will now be an easy matter for any claimant related to the deceased who has engaged in discussions with the executor prior to filing his or her claim (and what non-commercial claimant has not when he or she is not represented by counsel?) to assert at a later date, in the hope of persuading the court, that he or she had been led to believe that the claim would be honored. Such a simple declaration will apparently constitute “good cause” sufficient to alleviate the time bar of the statute in the Third District. The probate courts for Dade and Monroe Counties, I fear, will soon become immersed in subjective inquiries to determine whether the executor or claimant is more credible, whether the parties were dealing at arms length, and whether a host of other factual niceties are present or absent — a process which will surely defeat the certainty which the statute was designed to achieve. In short, I view the application of the “good cause” requirement articulated by the district court in this case as a seriously inappropriate gloss on the probate statute.[12]
I would grant the executor’s request for a writ of certiorari, quash the district court’s decision, and reinstate the trial judge’s determination that good cause did not exist for Judith Herskowitz’ failure to commence her lawsuit against the estate on a timely basis.

. Section 733.18(2), Florida Statutes (1973), directs that a claimant’s lawsuit must be filed within one month of service of the objection, *379 unless the circuit judge for “good cause” extends the filing time. Essentially the same requirements are now found in Section 733.705(3), Florida Statutes (1977).

. In re Estate of Herskowitz, 342 So.2d 530 (Fla. 3d DCA 1977).

. 334 So.2d 13 (Fla.1976).

. Id. at 15.

. “We reverse upon a holding that the evidence presented at the hearing upon the motion established good cause for an extension of time to file suit upon the claim.” 342 So.2d at 531.

. Smoak v. Graham, 167 So.2d 559 (Fla.1964); In re Estate of Goldman, 79 So.2d 846 (Fla.1955); In re Estate of Kemp, 177 So.2d 757 (Fla. 1st DCA 1965); In re Estate of Meigs, 177 So.2d 246 (Fla. 1st DCA 1965).

. See First Bank and Trust Co. v. Bush, 226 So.2d 438 (Fla. 1st DCA 1969). Not only did the district court improperly reweigh the record evidence of the pre-claim negotiations, it actually decided the “good cause” issue on a ground never presented to the trial court as a justification for the claimant’s tardiness. Claimant’s motion for an extension of time relied wholly on a lack of notice and an absence of service as to the executor’s objection.

. 342 So.2d at 531.

. § 733.18(2), Fla.Stat. (1973).

. Id. Although the claimant still asserts that she never received notice of the objection, the trial court found as a fact that she had, and the district court acceded to that finding. There is no legal or factual basis at this juncture for us to declare otherwise.

. The very facts on which the district court' relied indicate to me the absence of “good” cause. All negotiations between the executor and the claimant revolved around the executor’s attempt to secure the claimant’s assurance that funds to be taken from the estate would not be used for the claimant’s personal benefit but rather for the support of the decedent’s (and claimant’s) minor children. (Claimant and the decedent were divorced three years before decedent’s death.) Claimant was adamant in insisting that the funds could be used for any purpose she desired, and she refused to agree to any limitation or condition on her use of monies from the estate. The claim she filed was uncompromising on its face and consistent with her demand for unfettered control of the funds. The record here not only shows an absence of legal justification for the failure to act timely under the statute, it indicates to me precisely the opposite of what the claimant asserts. Not only was she never assured that her claim would be paid, she was expressly told it would not be if she asserted it solely for her personal benefit.

.It is ironic that the decision relied upon by the Third District Court of Appeal for its power to review the probate court’s exercise of discretion found that power abused where the probate court alleviated the statutory time limit for an objection on a showing that, the executor had simply failed to learn from the formal acts of record that the controverted claim had been filed. Ellard v. Godwin, 77 So.2d 617 (Fla.1955).