394 So.2d 437 (1981)
In re the ESTATE OF Mamie Johnson MATCHETT, Deceased.
Edna P. ROGERS, Appellant,
v.
Edgar JOHNSON, As Personal Representative of the Estate of Mamie Johnson Matchett, Appellee.
In re the ESTATE of Florence Johnson LIVINGSTON, Deceased.
Edna P. ROGERS, Appellant,
v.
Edgar JOHNSON, As Personal Representative of the Estate of Florence Johnson Livingston, Deceased, Appellee.
Nos. 79-12, 79-13.
District Court of Appeal of Florida, Fifth District.
January 21, 1981.
Rehearing Denied March 3, 1981.
*438 John D. Mussoline of Clark & Mussoline, Palatka, for appellant.
Alan B. Fields, Jr. of Dowda & Fields, P.A., Palatka, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Two cases arising from two separate claims filed by the appellant Edna P. Rogers have been consolidated for appeal.
The following dates and acts are the basis for this appeal:

 January 10, 1979 Claim filed by Edna Rogers.
 March 20, 1979 Objection to claim with motion to
 strike or expunge claim filed by personal
 representative and notice of
 hearing on claim.
 June 5, 1979 Motion to strike objection to claim
 and petition for distribution mailed
 by Rogers. Notice of hearing on
 claim, set for June 27, mailed on June
 6, 1979.
 June 26, 1979 Motion to quash the motion to strike
 and notice of hearing filed by personal
 representative.
 June 27, 1979 Motion for extension of time to file
 suit made by Rogers.
 July 9, 1979 Circuit Court denied Rogers' motions
 to strike the objection, notice of
 hearing and petition for distribution.
 Personal representative's motion to
 quash and Rogers' motion for extension
 of time also denied.

Appellant filed a notice of claim in the proceedings on January 10, 1979, alleging that she was a close friend of the decedent, Mamie Johnson Matchett, and that in April, 1976, decedent created a joint and survivorship savings account in the name of decedent, decedent's sister, and appellant. It was further alleged that in 1977, decedent and her sister were adjudged incompetent and that Thomas Dowda was appointed guardian. As guardian, Dowda purportedly *439 closed the account in October, 1977, and deposited the funds in a certificate of deposit. The decedent and her sister died intestate but due to the guardian's action, appellant did not receive the balance of the savings account. Appellant claims she had and still has possession of both passbooks.
The motion to strike or expunge the claim and the hearing scheduled thereon was an unusual departure from probate procedure provided in section 733.705(2) and (3).[1] The purpose of the hearing stated in the notice was to consider the personal representative's objection to the claim and the motion to strike. The date of the hearing was scheduled for May 21, 1979, more than thirty days after the date of the objection. Unless the personal representative's notice and motion to strike tolled the thirty day period in which claimant could bring an independent action on the claim, or constituted good cause for the court to extend the time, claimant was barred under section 733.705(3).
Appellant contends that Rule 1.140(b), Florida Rules of Civil Procedure, should apply (see Committee note) arguing that Rule 5.025(b), Florida Rules of Probate and Guardianship Procedure, make the Rules of Civil Procedure applicable in adversary proceedings.[2] While we agree with appellant's premise, and the record clearly reveals the adversary nature of this proceeding, we disagree that Rule 1.140(b) applies. The motion to strike was not directed to an "insufficient legal defense" but rather to appellant's claim.
However, we do agree that the personal representative's failure to follow established, traditional procedures misled appellant and constitutes good cause to permit an extension of time within which claimant may file an independent action. The granting or refusal of an extension of time to commence action upon a claim to which objection has been properly made is a matter within the broad judicial discretion of the probate judge. In re Estate of Herskowitz, 342 So.2d 530 (Fla.3d DCA 1977). In In re Kemp's Estate, 177 So.2d 757 (Fla. 1st DCA 1965), however, the court inferred that actions or representations of a representative of an estate which have the effect of inducing a claimant to delay institution of his action beyond the statutory period may justify an extension of time within which to bring suit. The action of the personal representative in the instant case in departing from established procedure had the effect of lulling appellant into a false sense of security and induced her to ignore the clear provision of the statute. This is especially true since the personal representative initiated this departure. Therefore, under the peculiar facts of this *440 case, we hold that the trial judge abused his discretion in refusing to grant an extension. See also, Sessions v. Jelks, 194 So.2d 307 (Fla. 1st DCA 1967).
We therefore reverse and remand to the trial court for entry of an order extending the period (not to exceed fifteen (15) days) within which appellant may bring an independent action.
REVERSED and REMANDED.
ORFINGER, J., concurs.
MELVIN, WOODROW M., Associate Judge, dissents with opinion.
MELVIN, WOODROW M., Associate Judge, dissenting.
I respectfully note my dissent to that portion of the court's opinion that concludes that the able trial judge abused his discretion in denying the appellant-claimant additional time within which to file suit upon her claim, which had been previously objected to by the personal representative. The objection filed by the personal representative was clear and concise. The personal representative did nothing that would induce the claimant to conclude that her claim would be willingly paid. The claimant did not file suit upon her claim within the required period of time. Ignorance of or indifference to applicable statutes and rules of procedure is insufficient in my judgment to establish good cause for the trial court to grant an extension of time or for this court to fault the trial court for failure to grant such extension. I perceive the trial court correctly disposed of this matter and I would affirm.
NOTES
[1] Section 733.705, Florida Statutes (1979), provides:

(2) On or before the expiration of 4 months from the first publication of notice of administration, a personal representative or other interested person may file a written objection to any claim. An objection filed to an unmatured claim matures it for the purpose of bringing an action on it. If an objection is filed, the person filing it shall serve a copy of the objection by registered or certified mail to the address of the claimant as shown on the claim or delivery to the claimant to whose claim he objects or the claimant's attorney of record, if any, not later than 10 days after it has been filed, and also on the personal representative if the objection is filed by any interested person other than the personal representative. Failure to serve a copy of the objection constitutes an abandonment of the objection.
(3) The claimant shall be limited to 30 days from the date of service of an objection within which to bring an independent action upon the claim. For good cause, the court may extend the time for filing an objection to any claim or the time for serving the objection, and may likewise extend the time for filing an action or proceeding after objection is filed. The extension of time shall be granted only after notice. No action or proceeding shall be brought against the personal representative after the time limited above. If an objection is filed to the claim of any creditor and an action is brought by the creditor to establish his claim, a judgment establishing the claim shall give it no priority over claims of the same class to which it belongs.
[2] The basis of this argument is that the personal representative's motion was one to strike an insufficient legal defense which under Rule 1.140(b), Florida Rules of Civil Procedure, would toll the time for a responsive pleading.