DELL, Judge.
Norman Black appeals from an order denying his motion for an extension of time to file suit on his claim against the Estate of Harold W. Brammer, deceased.
Appellant timely filed his claim against the estate and appellee timely objected. Forty-nine days after appellee filed her objections to the claim, appellee’s attorney sent appellant’s attorney the following letter:
This will confirm our telephone conversation of 9/2/82 wherein you questioned *25 the effect of our objection to the claim filed by Norman Black in the amount of $31,379.00 plus interest.
As I explained, this was done to protect the estate in the event we are unable to reach a settlement. Under the Rules of Procedure you are required to file suit within 60 days from the date of our objection, however, due to the complexities of this case, I hereby waive this requirement on your part and agree that you shall have the right to institute any legal action relating to the collection of your claim at any time but in no event later than 30 days from the date of written notification from me that we are unable to reach a settlement of the claim.[1]
Appellee’s attorney testified at the hearing to extend the time for filing suit that
I spoke to Harvey Spring, who is Black’s lawyer, and I talked to other creditors that right from the beginning it was all in the spirit of let’s forbear and we’ll be able to work this thing out and it will net out more cents on the dollar to the creditors.
Appellant asserts that the evidence before the trial court constituted good cause for extending the time to file suit.
Section 733.705(3), Florida Statutes (1981) provides:
The claimant shall be limited to 30 days from the date of service of an objection within which to bring an action upon the claim. For good cause, the court may extend the time for filing an objection to any claim or the time for serving the objection, and may likewise extend the time for filing an action or proceeding after objection is filed.
The trial court has broad discretion to grant or deny an extension of time to file suit. In Re: Estate of Matchett, 394 So.2d 437 (Fla. 5th DCA 1981); In Re: Estate of Herskowitz, 342 So.2d 530 (Fla. 3d DCA 1977).
It has been held that a legal excuse for extension exists where a claimant ... forgoes the commencement of an independent action under the belief that his objected-to claim will be paid or settled without the need for action, and he reasonably comes to that belief because of representations or actions of the personal representative of the estate or his agent.
In Re: Estate of Wilisch, 384 So.2d 223, 226 (Fla. 3d DCA 1980). Good cause to extend the time for filing an action has also been found where the actions of the representative of an estate lulled the claimant into a false sense of security or induced the claimant to delay the institution of his action. Sessions v. Jelks, 194 So.2d 307 (Fla. 1st DCA 1967); In Re: Estate of Matchett, supra.
We hold that appellant presented sufficient evidence to show that he had good cause to believe his client’s claim would be paid or settled without the need to file suit. We wish to point out that we do not view appellee’s actions as anything other than a sincere attempt to avoid the expenses of litigation and to preserve the assets of the estate for the benefit of the creditors.
Accordingly, we reverse the order denying appellant’s motion for an extension of time to file suit and remand this cause to the trial court with directions to enter such further orders as may be consistent herewith.
REVERSED and REMANDED.
ANSTEAD, C.J., and HERSEY, J., concur.

. Although the letter mistakenly indicated suit must be brought within 60 days of the objection, rather than 30 days as provided in Section 733.705(3), Florida Statutes (1981), the appellant does not rely on this error.