472 So.2d 1266 (1985)
Elaine JOHNSON and George Johnson, Appellants,
v.
ESTATE OF Cleo J. FRAEDRICH, Deceased, Appellee.
No. BE-140.
District Court of Appeal of Florida, First District.
July 3, 1985.
Rehearing Denied August 12, 1985.
*1267 Granville C. Burgess of Burgess, Wood & Poole, Fernandina Beach, for appellants.
Bruce W. Robinson of Brannon, Brown, Norris, Vocelle, Haley, Brown & Robinson, Lake City, for appellee.
MILLS, Judge.
Johnson appeals from a final order denying her motion for extension of time to file an independent action against Fraedrich's estate for injuries sustained in an automobile accident. We affirm.
In October 1983, Fraedrich, a resident of Nassau County, Florida, was involved in an automobile accident with Johnson, an Illinois resident, in Iowa. Fraedrich died the next day from injuries sustained in the accident. Johnson was also injured. Johnson retained an Illinois attorney, Fazioli, to prosecute her claim against Fraedrich's estate for those injuries.
In December 1983, Fraedrich's brother was appointed personal representative of her estate, and received letters of administration in Nassau County. Notice of administration was properly published on 14 and 21 December 1983. On 8 March 1984, Fazioli filed a claim in the estate on Johnson's behalf for $500,000. Objection to this claim was timely made by Thomas Brown, attorney for the personal representative, pursuant to Section 733.705(2), Florida Statutes (1983). Copies of the objection were mailed by certified mail to Johnson and Fazioli. Both had received the objection by 15 March 1984, as evidenced by certified mail receipts.
Pursuant to Section 733.705(3), Florida Statutes (1983), Johnson had 30 days from this date of service in which to bring an independent action on her claim, or until 14 April 1984. No such claim was filed. However, the statute provides that "[f]or good cause, the court may extend the time ... for filing an action or proceeding after objection is filed." Johnson filed her motion requesting this extension on 3 August 1984, approximately four months after expiration of the statutory deadline.
The motion stated two grounds purporting to show good cause for Johnson's failure to meet the statutory deadline: (1) Fazioli was "lulled" into ignoring the time limitation by his settlement negotiations with an attorney for the estate's insurance company, Hayek, and (2) the objection had been overlooked by Fazioli because it had arrived during his involvement with a major trial in another action. He first became aware of his failure to file suit on 10 July 1984.
Fazioli submitted his affidavit in support of the motion, stating that he had refrained from filing an independent action based on Hayek's telephonic assurances that the insurance company planned to file a federal interpleader action against the estate. *1268 Hayek filed an opposing affidavit that he had never informed Fazioli of a definite intention to file such a suit, nor had he suggested that Fazioli could therefore ignore the statute. It was after this affidavit that Fazioli filed a motion alleging for the first time that the original objection had been improperly made by the personal representative's attorney and not the personal representative himself.
On 26 November 1984, the trial court denied both motions, finding that the attorney's signature on the objection was sufficient and that Johnson had shown no good cause for the delay in filing the motion for extension.
We agree that the attorney's signature on the objection was sufficient to satisfy the statutory provision that a "personal representative or other interested person" may file objections to claims. Johnson argues that these are terms of art, the definitions of which the personal representative's attorney does not meet. See Section 731.201(21) and (25), Florida Statutes (1983). However, an attorney is generally viewed as the agent of his client. Epperson v. Rupp, 157 So.2d 537 (Fla. 3d DCA 1963). An act done by an agent on behalf of the principal within the scope of the agency is not the act of the agent but of the person by whose direction it is done. 2 Fla.Jur.2d Agency and Employment § 1. The Epperson court used this agency theory to approve the action of a personal representative's attorney of record in signing and filing a similar objection. Accord In re Estate of Brugh, 306 So.2d 599 (Fla. 2d DCA 1975). Therefore, we find that it was not improper for the personal representative's attorney to file the objection herein.
The granting or refusal of an extension of time to commence an action upon a claim to which an objection has been properly filed is a matter within the broad judicial discretion of the judge in probate. In re Estate of Herskowitz, 342 So.2d 530, 531 (Fla. 3d DCA 1977), cert. den. 360 So.2d 378 (Fla. 1978); In re Estate of Matchett, 394 So.2d 437 (Fla. 5th DCA 1981), reh. den. The task of the court reviewing the denial of an extension is to determine if the trial court "in the light of the facts and circumstances of this case, abused its judicial discretion in denying [the] petition." In re Estate of Kemp, 177 So.2d 757, 759 (Fla. 1st DCA 1965). We find no abuse of discretion in this case.
Johnson first alleges that Fraedrich's estate took action which had the effect of lulling her into a false sense of security or otherwise induced her to ignore the clear provisions of the statute, Kemp, referring to Hayek's representation concerning plans to file suit against the estate on behalf of the insurance company. However, this argument is not consistent with Johnson's second ground in support of extension, namely that, due to overwork, counsel did not become aware of the objection until after the statutory period had run. If Fazioli was unaware of the objection, he necessarily was unaware that the 30-day period for filing an independent action had commenced. Therefore, conversations with Hayek during this period could hardly have convinced him to refrain from the timely filing of such an action. Further, he waited almost four months after the expiration of the statutory period to request an extension. The trial court did not abuse its discretion in refusing to find that this allegation demonstrated good cause.
Neither can we say that counsel's allegation of overwork meets that standard. In In re Estate of Oxford, 372 So.2d 1129 (Fla. 2d DCA 1979), relied on by Johnson in support of this ground, the law firm involved had not been informed by its client, who received the objection before hiring the firm, that an objection had been received. No action by the firm or attorneys resulted in the delay. Here, receipt of the objection by Fazioli, or at least his firm, was acknowledged on the certified mail receipt. Fazioli, who presumably was aware that this and other cases remained ongoing, failed to follow its development in any way. Even a cursory review of the file would have revealed the objection, enabling Fazioli to take appropriate action to preserve his client's rights. Further, he waited *1269 long past the conclusion of the trial which allegedly diverted his attention from this matter to attempt to remedy the situation. This hardly supports his contention that it was the concentration on the trial which caused the statutory time to lapse.
AFFIRMED.
SMITH and THOMPSON, JJ., concur.