ORFINGER, Judge.
The issue in this case is whether the trial court erred in denying the Department of Revenue’s (Department) motion to extend the time for filing an independent action against the estate of B. Miles Hammond. We conclude that in denying the extension of time, the trial court abused its discretion and we reverse.
The personal representative first published a Notice of Administration in the Hammond estate on March 25, 1986. Within the three month period allowed for filing claims, the Department filed a claim for $4,906.92, representing allegedly unpaid intangible personal property taxes for 1983, 1984 and 1986. In response to the Statement of Claim, appellee, as personal representative of Hammond’s estate, served an Objection to Claim on June 18,1986, pursuant to section 733.705(2), Florida Statutes (1985).[1]
In the letter of that date transmitting a copy of the objection to the Department, counsel for the personal representative said:
We are necessarily objecting to the claim because the intangible tax return for 1986 has been filed and the tax paid. Also, the amounts specified for the years 1983 and 1984 are incorrect.
If you can please file a corrected claim for the amounts that are actually due, the Personal Representative will be happy to remit payment in full. Mrs. Connie Brown, the trust officer for Florida National Bank, has asked me to suggest you call her there at (904) 732-7541, and she will be glad to coordinate with you in determining the correct amount to paid for the years 1983 and 1984. [Emphasis supplied].
On June 26, 1986, before the expiration of the 30 day period for filing an independent action, appellee’s trust officer wrote to the Department, and in that letter said:
As we discussed, we objected to the claim filed by the Department of Revenue due to an error in the amount. The 1986 intangible tax was paid in the amount of $1,570.46 on April 30, 1986.
*1148 We are enclosing a copy of the return filed, as well as a copy of the front and back of the check of which this amount was a part.
I am also enclosing for your records a statement indicating the assets held by Mr. Hammond on December 9, 1983. This is the closest statement we have to December 31, 1983. However, I do not feel the assets would have changed in the interim.
The intangible tax due for 1983 would include only the following assets:
* * * * * *
If you have any questions regarding those items enclosed or the assets on which to file a claim, please do not hesitate to contact me.
On July 29, 1986 the Department filed a revised statement of claim for unpaid intangible personal property taxes for the years 1983 and 1984 totalling $2,403.66. The claim was not paid, and the personal representative filed an objection to the claim on October 16, 1986.[2] On November 6, 1986, the Department filed a motion to extend the time for filing an independent action, alleging in substance, that it had not filed the independent action within the required 30 day period in reliance on the representations of the aforesaid correspondence that a claim for the corrected amount would be paid. It is clear from this record that no independent action was filed because of the representations by the attorney for the personal representative that if a corrected claim was filed “the personal representative will be happy to remit payment in full.” Perhaps not intended, but both the attorney and the personal representative led the Department to believe that the claim would be paid without litigation.
In the case of In re Estate of Wilisch, 384 So.2d 223 (Fla. 3d DCA 1980) the court succinctly stated the requirement for good cause which would justify an extension under the subject statute:
This statute has consistently been construed to vest the trial court with discretion to extend the time for filing an independent action even when the motion for extension is made beyond the 30-day period. ... The determination of “good cause” is tested against a given standard of judicial action: there must be a legal excuse for the failure to timely commence the action.... It has been held that a legal excuse for extension exists where a claimant ... forgoes the commencement of an independent action under the belief that his objected-to claim will be paid or settled without the need for action, and he reasonably comes to that belief because of representations or actions of the personal representative of the estate or his agent.... [Citations omitted].
384 So.2d at 226. See also, Session v. Jelks, 194 So.2d 307 (Fla. 1st DCA 1967); In re Estate of Herskowitz, 342 So.2d 530 (Fla. 3d DCA 1977).
REVERSED.
DAUKSCH and COBB, JJ., concur.

. If an objection is filed, Section 733.705(3) provides:
The claimant is limited to a period of 30 days from the date of service of an objection within which to bring an independent action upon the claim.... For good cause, the court may extend the time for filing an objection to any claim or may extend the time for serving the objection, and may likewise extend the time for filing an action or proceeding, ... and filing notice of the action or proceeding, after objection is filed....

. The objection itself is not in the record, but both parties agree that it was filed. In its motion for extension of time to file an independent action, the Department alleged that this objection recited as one of its grounds the fact that the revised claim had not been filed within three months after the first publication of the Notice of Administration.