GODERICH, Judge.
Thomas J. Sireci, Jr., the personal representative of the estate of Donald M. Sparks, appeals from a non-final order denying his petition to bar Charles J. Deal’s claim for monies owed to him by the deceased and permitting Deal to amend his claim. We affirm.
Roger McClelland, an attorney, filed a petition for appointment of a curator in the estate of Donald M. Sparks on September 4, 1989. On September 15, 1989, Deal filed a caveat by creditor in Spark’s estate; the caveat was treated as a claim against the estate. The probate court issued letters of curatorship in favor of McClelland. As the curator, he filed a motion to obtain special authority to handle administrative matters. The curator then filed a notice of administration and an objection to Deal’s claim and notified Deal.
A formal estate was filed on October 16, 1990, and Thomas Sireci was appointed personal representative on November 30,1990. McClelland was discharged as curator on March 3, 1991.
On May 2, 1991, the personal representative filed a petition to bar Deal’s claim. On August 26, 1991, the morning of the hearing on this matter, the personal representa *36 tive received an objection to the petition to bar the claim. The probate court entered an order denying the personal representative’s petition to bar Deal’s claim and giving Deal ten days to amend his claim to comply with section 733.703, Florida Statutes, and rule 5.490, Florida Probate Rules, both dealing with the form and manner of presenting a claim. The personal representative appeals.
The personal representative contends that since he properly objected to Deal’s claim and Deal did not bring suit within thirty days of the objection, the claim is barred. Deal contends that the probate court did not abuse its discretion in allowing Deal to assert his claim where section 733.705, Florida Statutes (1989), permits the claim and where there was good cause to support the probate court’s grant of an extension of time for filing an action.
Section 733.705(4), Florida Statutes (1989), states, in pertinent part:
The claimant is limited to a period of 30 days from the date of service of an objection within which to bring an independent action upon the claim,.... For good cause, the court may extend the time for filing an action or proceeding after objection is filed. The extension of time shall be granted only after notice.
The Florida Supreme Court has stated that the time limitation contained in section 733.705(4) operates as a rule of judicial procedure and not as a statute of nonclaim. Dohnal v. Syndicated Offices Sys., 529 So.2d 267 (Fla.1988). This time limitation may be relaxed, within the probate judge’s reasonable discretion, even though the time limit may have expired. In re Estate of Sale, 227 So.2d 199 (Fla.1969).
The probate judge has broad discretion in determining whether good cause exists to grant the claimant an extension of time for filing an action. In re Estate of Herskowitz, 360 So.2d 378 (Fla.1978); Williams v. Estate of Williams, 493 So.2d 44 (Fla. 5th DCA 1986). “Unless there is absolutely no factual basis for the probate court’s conclusion, it would require an impermissible factual redetermination by the appellate court to override the exercise of that discretion.” Herskowitz, 360 So.2d at 379. See also In re Estate of Matchett, 394 So.2d 437 (Fla. 5th DCA 1981); In re Estate of Kemp, 177 So.2d 757 (Fla. 1st DCA 1965).
In the instant case, the probate court’s order does not state the court’s reasons for granting the extension of time for filing the claim. However, during the hearing, Deal’s attorney presented several reasons why she had not filed an independent action. Moreover, J. Taney Wilcox, Jr., Deal’s longtime attorney from Pennsylvania, testified that he had the impression that the personal representative was representing Deal as a creditor and that the personal representative would advise him of any other formalities required to make Deal’s claim valid. Furthermore, Wilcox testified that he thought the petition to bar the claim was in abeyance until a settlement could be reached with all the heirs.
Based on this evidence presented during the hearing, we find that the probate court was presented with sufficient facts to find that Deal had good cause for not filing an independent action upon his claim in a timely manner. The court’s decision was not “arbitrary or contrary to all the evidence.” See In re Estate of Goldman, 79 So.2d 846, 848 (Fla.1955); see also Dohnal v. Syndicated Offices Sys., 529 So.2d 267 (Fla.1988). The probate court’s order granting the extension was within the probate court’s discretion. The probate court’s order is hereby affirmed.
Affirmed.