PER CURIAM.
Kenneth C. Brodfuehrer (“father”) appeals the probate court’s order on the Estate of Richard K. Brodfuehrer’s (“Estate”) Notice of Claimant’s Failure to Abide By Circuit Court Order and Motion to Strike Probate Claims. We affirm.
On October 19, 1998, Richard K. Brod-fuehrer (decedent) died intestate as a result of a motorcycle accident. His survivors include his two children, Krisstina and Jon Brodfuehrer, and his father, Kenneth C. Brodfuehrer. The largest asset remaining from the Estate was the motorcycle, which was damaged in the accident that claimed the decedent’s life (estimated value of $15,000.00). The decedent’s father paid for his son’s funeral expenses, prior to a personal representative being appointed to the Estate. The decedent’s daughter was subsequently appointed personal representative.
On April 9, 1999, the father filed a claim for funeral expenses and delinquent rent paid to the decedent’s landlord. The decedent’s stepbrother, Steven Prentice, also filed a claim the same day against the Estate for expenses incurred in repairing the motorcycle and transporting it to Indiana. On May 24, 1999, the personal representative petitioned the probate court for aid in marshaling estate assets and requested an order for the return of the motorcycle. The father and the stepbrother filed a motion to abate the petition for aid in marshaling assets, alleging that the probate court did not have jurisdiction over them and that the property in dispute was located in Indiana, outside the jurisdiction of the probate court. The probate court ordered that the motorcycle, its parts and equipment be transferred to the personal representative.
On May 27, 1999, the personal representative objected to both the father and stepbrother’s claims and notified the parties that they had to file independent actions upon their claims against the Estate within thirty days from the service of the objection. The father subsequently filed a complaint in county court to enforce his claim and the stepbrother joined in the suit. The Monroe County clerk recorded the filing of the complaint on July 13, 1999. This filing fell after the thirty day deadline. On August 4, 1999, the Estate filed, in probate court, a notice of claimant’s failure to file an independent action and sought dismissal of the father and stepbrother’s claims with prejudice.
*786 On September 8, 1999, the father filed a motion for an extension of time to file the independent action. The father alleged that he had mailed the complaint on June 24, 1999 and for reasons unknown to him, the action was not recorded until July 13, 1999. The probate court abated the motion for extension of time and held that an order granting the motion was contingent upon the father and stepbrother turning over the motorcycle.
The stepbrother filed a motion for payment of the costs of repairing and transporting the motorcycle as a condition of delivery of the motorcycle. On March 7, 2000, the father filed a motion to sever his claim from the stepbrother’s claim, alleging he had no control over the stepbrother’s delivery of the motorcycle. The probate court denied both motions.
On October 3, 2000, the stepbrother voluntarily dismissed his claim. On November 15, 2000, the probate court heard the Estate’s motion to strike probate claims and entered an order holding that the father and stepbrother shall immediately complete the transfer of the motorcycle to the Estate and in the event that the motorcycle was not transferred by December 11, 2000, the court would sua sponte strike the claims of the father and stepbrother. This appeal follows.
The father contends that (I) the trial court erred in imposing conditions upon the granting of an extension of time to file an independent action, (II) the trial court erred in denying the stepbrother’s motion to make delivery of the motorcycle contingent upon the payment of repair costs, (III) the trial court erred in failing to allow severance of the father and stepbrother’s claims, and (IV) the trial court erred in denying the father’s request for an extension of time because of a third party’s refusal to deliver the motorcycle. Our analysis follows.
I.
Under section 733.705(4), Florida Statutes (1999), a claimant is limited to a period of thirty days from the date of service of an objection within which to bring an independent action. The court may for good cause, extend the time for filing an action or proceeding after the objection is filed. § 733.705(4) Fla. Stat.(emphasis added); see In re Estate of Goldman, 79 So.2d 846 (Fla.1955)(good cause for an extension of time is restricted to a “substantial reason”, one that affords a legal excuse).
Here, the father and stepbrother were served with objections to their claims on May 29, 1999 and their independent actions were not filed until July 13, 1999, more than thirty days after being served with the objections. The father filed a motion for extension of time to file his independent action on September 8, 1999, attaching an affidavit stating that the independent action had been timely mailed but was not recorded timely. The court did not rule whether this constituted good cause or not. Instead, the probate court entered an order abating the motion for extension of time and made the granting of the motion contingent upon the motorcycle being returned. This order was not an abuse of discretion. It is a matter within the broad judicial discretion of a judge in probate to grant or deny an extension of time to commence an action to which an objection has been properly filed. Johnson v. Estate of Fraedrich, 472 So.2d 1266, 1268 (Fla. 1st DCA 1985); In re Estate of Herskowitz, 342 So.2d 530, 531 (Fla. 3d DCA 1977); In re Estate of Sanchez, 155 So.2d 419 (Fla. 3d DCA 1963).
The father complains that the court was without jurisdiction to make the extension of time contingent upon the return of the *787 motorcycle. However, probate courts have the power to help marshall assets of an estate and to order those assets turned over through a personal representative. § 733.607, Fla. Stat.(1999); In re Estate of Barsanti, 773 So.2d 1206 (Fla. 3d DCA 2000)(probate court has inherent jurisdiction to monitor the administration of an estate and take appropriate action as it may deem necessary to preserve the assets of the estate for the benefit of the ultimate beneficiaries). The probate court had the power to order the father and stepbrother to turn over the motorcycle. The motorcycle was the only tangible asset of the decedent’s Estate and was removed out of state to a location unknown to the personal representative or the court. The stepbrother had indicated in a letter that he was holding the motorcycle as collateral for his father’s claim. The father had placed an ad putting the motorcycle up for sale. These actions made it necessary for the court to take appropriate action to preserve the assets of the Estate. The granting of the motion for extension of time contingent upon the delivery of the sole tangible asset of the Estate was not an abuse of discretion.
II.
The claim that the trial court erred by denying the stepbrother’s request for repair costs is not properly before this court. The father does not have standing to appeal the court’s order denying the stepbrother’s request for costs. The stepbrother voluntarily dismissed his case and is no longer a party. See Millar Elevator Serv. Co. v. McGowan, 804 So.2d 1271, 1272 n. 1 (Fla. 2d DCA 2002). Even if the father did have standing, we would find the argument meritless. The motorcycle was not the stepbrother’s property and he had no authority to take possession of it. Furthermore, the stepbrother chose to make the repairs to the motorcycle without consulting or obtaining the consent of the beneficiaries of the Estate. It is completely unreasonable that the stepbrother would refuse to return a motorcycle that was property of the Estate until he was reimbursed for unauthorized expenses he chose to undertake.
III.
The trial court properly denied the motion to sever the father and the stepbrother’s claims. A severance in civil cases is a matter of discretion in the trial court. Compania Dominicana de Aviacion v. Knapp, 251 So.2d 18, 19 (Fla. 3d DCA 1971). Under Florida Rule of Civil Procedure 1.270(b), “[t]he court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross claim, counterclaim, or third party claim, or any separate issue.... ” However, a severance under rule 1.270(b), “while residing in the sound discretion of the trial court upon an appropriate showing, should remain the exception.” Travelers Express, Inc. v. Acosta, 397 So.2d 733, 737 (Fla. 3d DCA 1981).
The father and stepbrother elected to join their claims together, allegedly for cost benefits. Both the father and stepbrother were seeking reimbursement from the Estate for expenses they chose to take without consulting or obtaining authorization from the decedent’s children. The father and stepbrother’s claims were interrelated as the only tangible asset of the Estate was the motorcycle and the stepbrother had asserted that he was holding it as collateral for his father’s claims. See Maris Distrib. Co. v. Anheuser-Busch, Inc., 710 So.2d 1022 (Fla. 1st DCA 1998)(improper to sever when the facts underlying the claims of the respective parties are inextricably interwoven).
The trial court’s order to return the motorcyelewas an order to both the father *788 and stepbrother. It appeared that the motion for severance was an attempt by the father to escape the court’s order to return the motorcycle. Once it became apparent that neither party was going to be reimbursed until the motorcycle was returned to the Estate, the father wanted the claims severed. The father alleged that he could not compel his son to turn over the motorcycle and therefore he should not be precluded from filing his lawsuit. A severance under this reasoning would allow the stepbrother to maintain possession of the motorcycle and allow the father to be free to pursue his independent action and recover for funeral expenses, while the Estate would never recover its largest asset. Moreover, neither party provided testimony regarding their failure or inability to return the motorcycle as ordered. Denial of the motion to sever was not an abuse of the trial court’s discretion. Hartford Accident & Indem. Co. v. Myers, 247 So.2d 83, 84 (Fla. 2d DCA 1971).
IV.
For several reasons, the father’s final claim that the trial court erred in denying his request for an extension of time because of a third party’s refusal to deliver the motorcycle is also meritless. First, the trial court did not deny the motion, rather she abated the motion until the parties returned the motorcycle to the estate. Second, both parties were under order of the court to return the motorcycle to the Estate and neither had complied. Third, neither party showed that they could not have complied with the court’s order to produce the motorcycle. Finally, the only reason offered for the motion for extension of time was that it was unknown why the complaint mailed to the county court was untimely recorded. • The absence of a substantial reason or sufficient legal excuse to support a finding of “good cause” to extend the time for bringing the independent action supports the trial court’s order abating the extension of time. Devine v. Kirkovich, 754 So.2d 789, 791 (Fla. 3d DCA 2000).
As long as orders are entered by a court that has jurisdiction of both the subject matter and the parties, they cannot be completely ignored without running the risk that an appropriate sanction may be imposed. Johnson v. Allstate Ins. Co., 410 So.2d 978, 980 (Fla. 5th DCA 1982). In this case, the appropriate sanction was to abate the motion for extension of time until the parties complied with the court order. The failure to return the motorcycle caused prejudice and delay to the disposition of the Estate. The personal representative of the Estate had to file a petition to extend the time for filing final accounting based on the father and stepbrother’s failure to turn over the motorcycle. The father and stepbrother had been in violation of the court’s order to turn over the motorcycle for over one year.
We conclude that the trial court’s action was not an abuse of discretion. Accordingly, we affirm the order below.
Affirmed.