COHEN, J.
 

 C.K., the mother of S.K., appeals the final judgment terminating her parental rights to S.K., who was originally sheltered at age fourteen months following allegations of substance abuse and domestic violence.
 

 S.K. was adjudicated dependent in October of 2009 and a case plan was entered with a goal of reunification. Although the mother failed to complete her case plan, the father, while residing with his grandparents, was reunited with the child in August 2010 following his substantial compliance with the case plan, which included substance abuse counseling. One month later, however, the child was returned to shelter following an incident of domestic violence between the father and the paternal great-grandmother in the child’s presence. The child was twenty-seven months of age.
 

 The Department sought termination of parental rights, alleging that both parents had failed to substantially comply with the case plan. It argued that neither parent had a stable home or source of income, neither contributed toward the child’s support, and both continued to use drugs. The father lived in a homeless shelter when he was not living on the streets. The mother had no stable residence and had almost no contact with the child.
 

 Perhaps because of an outstanding warrant for her arrest, the mother failed
 
 *1180
 
 to appear at the hearing, but she participated by telephone. The trial court made various findings, all of which were supported by clear and convincing evidence. The mother’s tasks under the case plan consisted of substance abuse counseling, a parenting class, a bio-psychological assessment and necessary follow-up, stable income and housing, and a co-dependency program. The mother’s compliance was negligible. Of primary concern was her lack of visitation with the child and continued drug use. As the trial court found:
 

 [C.K.]’s case plan expired in May of 2010. It is now January of 2011, and after an additional 8 months she still has not completed, nor is she in substantial compliance with, her case plan tasks to address the issues that caused the child’s removal from her care 17 months ago. The mother has been terminated from drug treatment counseling on at least two occasions for failure to attend the meetings. She has two other children currently in the custody of relatives in Pinellas County. [C.K.]’s failure to successfully address her drug problem and complete her tasks places the child at significant risk of harm if the child is returned to her.
 

 We find no error in the trial court’s findings.
 

 The mother questions the Department’s failure to pursue the least restrictive means of protecting the child in the context of its efforts to assist the father in complying with his case plan. However, the father did not appeal the termination of his parental rights. The mother does not have standing to raise that issue.
 
 See Brodfuehrer v. Estate of Brodfuehrer,
 
 833 So.2d 784, 787 (Fla. 3d DCA 2002). We conclude that there is no merit to the mother’s argument that there was insufficient evidence to terminate her parental rights.
 

 AFFIRMED.
 

 SAWAYA and LAWSON, JJ., concur.