PER CURIAM.
Appellant claims that the trial court committed reversible error in granting the Department’s motion for an injunction to prevent child abuse pursuant to section 39.504, Florida Statutes (2012), because (1) the court lost jurisdiction after the adoption of the children; (2) the adoptive parent was not served with the motion in violation of her due process rights; and (3) the court failed to hold an evidentiary hearing once appellant objected to the injunction. Contrary to appellant’s assertion, the trial court had jurisdiction under section 39.013(2), Florida Statutes (2012), to hear the Department’s motion for an *247 injunction, which was filed before entry of the final judgment of adoption. See In re S.N.W., 912 So.2d 368, 873-74 (Fla. 2d DCA 2005). In addition, appellant did not have standing to assert a due process claim on behalf of the non-appealing adoptive parent. See C.K. v. Dep’t of Children & Families, 65 So.3d 1179, 1180 (Fla. 5th DCA 2011). However, the Department correctly concedes the trial court violated appellant’s due process rights by not requiring the Department to prove its entitlement to an injunction under section 39.504 at a full evidentiary hearing. See Dep’t of Children & Families v. D.B.D, 42 So.3d 916, 920-21 (Fla. 4th DCA 2010). See also Achurra v. Achurra, 80 So.3d 1080, 1083 (Fla. 1st DCA 2012). Accordingly, we reverse and remand with directions that the trial court hold an eviden-tiary hearing.
REVERSED and REMANDED with directions.
CLARK, ROWE, and SWANSON, JJ., concur.