493 So.2d 44 (1986)
R.W. WILLIAMS and Lois W. Mize, Appellants,
v.
The ESTATE OF Roy Levon WILLIAMS, Deceased, Appellee.
No. 85-1163.
District Court of Appeal of Florida, Fifth District.
August 14, 1986.
George J. Russ of Sellar, Sewell, Russ & Saylor, P.A., Leesburg, for appellants.
Thomas D. Skidmore of Dayton, Sumner, Luckie & McKnight, P.A., Bushnell, for appellee.
SHARP, Judge.
Williams and Mize appeal from the denial of their motion to extend the time in which to file an independent action on a claim against the estate of Roy Levon Williams. Pursuant to section 733.705(3), Florida Statutes (1984):
The claimant is limited to a period of 30 days from the date of service of an objection within which to bring an independent action upon the claim and within which to file written notice of such action in the estate proceeding. For good cause, the court may extend the time for filing ... an action or proceeding, and filing notice of the action or proceeding, after objection is filed... .
We think under the facts and circumstances of this case, good cause was sufficiently established, and that the extension should have been granted.
Roy Levon Williams died owning various parcels of real estate located in Sumter County, Florida. His Will was admitted to probate in Sumter County on July 6, 1984. His Will devised the NW 1/4 of the SW 1/4 of Section 33, Township 21 South, Range 22 East, to Marvin Williams and David Williams, Roy's grand-nephews and grandsons of his brother, J.D. Williams.
On August 3, 1984, Williams and Mize, appellants, filed a claim against the estate *45 as heirs of Sol Williams, asserting an ownership interest in the NW 1/4 of the SW 1/4 of Section 33. An objection to the claim was filed on October 10, 1984. This started the thirty-day time limit of section 733.705(3) running.
On the thirtieth day, appellants filed a pleading captioned a "Complaint," which asserted that the decedent's ownership of the quarter-quarter section was based on a forged or wild deed, and that they and other heirs of John Williams were the rightful owners. A lis pendens was also filed, and copies were mailed to the attorneys who represented the estate.
The difficulty in this case was that the pleadings filed were inadvertently styled in the Probate Division rather than the Civil Division, no new summonses were issued and, technically, appellants failed to commence an independent action. For this reason, the estate's motion to dismiss the complaint was granted, "without prejudice," on February 25, 1985.
On March 6, 1985, appellants moved to extend time to file an independent action. They asserted under oath that the attempted independent suit was filed in error, caused by the withdrawal of the attorney who first represented them. The appellants retained the attorney who misfiled the suit, on the thirtieth day. Due to the rush, he did not catch the error in the caption of the pleading.
In an effort to persuade the court to allow the time extension, counsel for appellants asserted he had not had time to sufficiently research appellants' potential claims against the estate, but had since done so and had discovered substantial evidence of breach of trust and fraud. He attached a copy of the proposed complaint he sought permission to file which alleged fraud and breach of fiduciary relationship owed to appellants. It sought damages and the establishment of appellants' ownership interests in the disputed lands.
The appellee argued the appellants failed to establish a "substantial reason," or a sufficient "legal excuse," even granting the veracity and accuracy of appellants' factual assertions. In a written order, the trial court denied the appellant's motion as being legally insufficient to establish "good cause" under section 733.705(3).
What is or is not sufficient to establish "good cause" to extend the time limitations in section 733.705(3) and its predecessor sections of Florida's Probate Code is primarily addressed to the conscience and discretion of the probate judge. In re Estate of Oxford, 372 So.2d 1129 (Fla. 2d DCA 1979), cert. denied, 383 So.2d 1200 (Fla. 1980). As characterized by the courts, the time periods set forth in section 733.705 and its predecessors are not firm statutes of nonclaim, but they operate as rules of judicial procedure.[1] The Probate Code
should not unreasonably or unduly restrict rights of creditors of such estates who in good faith and without laches endeavor to comply with the substantial and essential requirements of the statute in order that right and justice shall be administered in due course of law... .
In re Jeffries Estate, 136 Fla. 410, 181 So. 833 (Fla. 1938). Most cases turn on the combination of facts and circumstances of each unique situation, although the verbalization of the general rules repeated in each case are the same. See In re Estate of Sale, 227 So.2d 199 (Fla. 1969).
In cases where "good cause" has not been found to have been shown, there has been an inordinant or unexplained delay in filing the independent claim or seeking permission to do so. In Exchange National Bank of Winter Haven v. Field, 338 So.2d 889 (Fla. 2d DCA 1976), cert. denied, 346 So.2d 1248 (Fla. 1977), the claimant was over six months late in seeking a time extension, and the reason given for the delay did not explain the additional three-months delay after claimant's alleged excuse had occurred. Similarly, in In re Estate *46 of Dezso, 382 So.2d 399 (Fla. 4th DCA 1980), there was a two-month delay.
In cases where there was no substantial delay, as in this case, and where the estate suffered no prejudice or surprise, since the claim and attempted suit had put it on notice of the substance of the claim, courts generally hold that "good cause" is shown even though there is some lawyer error involved. See In re Estate of Pridgeon, 349 So.2d 741 (Fla. 1st DCA 1977). In Bell v. Harris, 366 So.2d 765 (Fla. 1st DCA 1978), the attorney filed the independent law suit, as in this case, in the Probate Division rather than the Circuit Court Division. Similarly, in In re Estate of Oxford, an independent suit was filed nineteen days late because the attorney representing claimants was changed, as in this case, close to the required time for filing.
We think that in this case, the rush to file the suit on the last day, without sufficient time for appellants' attorney to research the substance or procedure of the claim, plus appellants' diligent efforts thereafter to pursue their claim, afforded a sufficient factual basis for "good cause" to extend time to file the independent suit. We think this case is distinguishable from In re Goldman, 79 So.2d 846 (Fla. 1955), where there was an eleven-month delay in seeking permission to extend time to file suit, caused solely by the claimant's attorney's misunderstanding of the applicable Probate Code provision.
The trial court in this case misapprehended his power to grant the extension by requiring the showing of a "legal" cause or excuse. We do not think the trial judge's discretion pursuant to section 733.705(3) is so rigidly circumscribed. Accordingly, we reverse the order appealed in this cause, and remand.
REVERSED AND REMANDED.
UPCHURCH, C.J., and ORFINGER, J., concur.
NOTES
[1] In re Kemp's Estate, 177 So.2d 757 (Fla. 1st DCA 1965).