HALL, Judge.
Linda Susan Dohnal and Robert Louis Dohnal, personal representatives of the estate of Susanne Dohnal, appeal an order granting the motion of appellees for extension of time to file an independent action on their claim against the estate. We find no merit in either of appellants’ points on appeal and affirm. However, we do choose to address appellants’ second point that the trial court erred in finding that clerical error constituted good cause for granting appellees’ motion.
The record reveals that appellees timely filed their claim against the estate. Appellants then filed their objection to the claim on June 17, 1986. On August 26, 1986, seventy days after appellants served their objection to appellees’ claim and sixty-four days after appellees received the objection, appellees filed a motion for extension of time to file an independent action on their claim against the estate. In their motion and accompanying affidavit, appellees alleged that their failure to timely file an independent action was due to an inadvertent clerical error. Their claim for $77,-608.48 against the deceased was forwarded to appellee collection agency between June 19 and June 27,1986, but it did not contain a computer entry indicating that an objection to the claim had been filed. Appellees asserted that the delay caused by the clerical error was consistent with computer error and that hearing the claim would create no undue delay because the estate was only opened in March 1986. Citing In Re: Estate of Oxford, 372 So.2d 1129 (Fla. 2d DCA 1979), cert. denied, 383 So.2d 1200 (Fla.1980), the trial court found that good cause had been shown and exercised its discretion to grant appellees’ motion.
In their second point on appeal appellants contend that the trial court erred in finding that clerical error constituted the good cause required by section 733.705(3), Florida Statutes (Supp.1984), for granting appellees’ motion for extension of time to file an independent action. The cases on this point are landmark from the supreme court case of In Re Goldman’s Estate, 79 So.2d 846 (Fla.1955), to district court cases of In Re Estate of Oxford, Johnson v. Estate of Fraedrick, 472 So.2d 1266 (Fla.3d DCA 1985), Williams v. Estate of Williams, 493 So.2d 44 (Fla. 5th DCA 1986), and Arky v. Harris, 504 So.2d 813 (Fla. 3d DCA 1987). Each of these cases appears to turn on what the court determined was good cause, together with a consideration of the prejudice that an estate might suffer, and the amount of time that elapsed in filing the motion for extension of time to file an independant action. None of the cases appears to limit what constitutes good cause. Rather, they have generally held that good cause is shown where the delay in filing the motion for extension of time to file an independent action was not substantial and did not result in prejudice or surprise to the estate because of its prior knowledge of the claim. In re Estate of Oxford, Williams v. Estate of Williams, Arky v. Harris.
Therefore, under the facts of this case we find no abuse of discretion by the trial court in extending the time to file the independent action pursuant to section 733.-705(3), Florida Statutes (Supp.1984), particularly because no prejudice to the estate has been shown.
However, because of the diversity of opinions as to what constitutes good cause, we certify the following question to the supreme court:
DOES CLERICAL ERROR, SUCH AS IN THE INSTANT CASE, SHOW GOOD CAUSE JUSTIFYING AN EXTENSION OF TIME TO FILE SUIT PURSUANT TO SECTION 733.705(3), FLORIDA STATUTES (SUPP.1984), WHERE THE *1140 ESTATE HAS SHOWN NO PREJUDICE.
Affirmed.
LEHAN, A.C.J., and FRANK, J., concur.