529 So.2d 267 (1988)
Linda Susan DOHNAL and Robert Louis Dohnal, As Personal Representatives of the Estate of Susanne Dohnal, Deceased, Petitioners,
v.
SYNDICATED OFFICES SYSTEMS, d/b/a Central Financial Control and Palms of Pasadena Hospital, Respondents.
No. 70682.
Supreme Court of Florida.
June 2, 1988.
Rehearing Denied August 31, 1988.
*268 Marian B. Rush of Harris, Barrett, Mann & Dew, St. Petersburg, and W. Langston Holland, St. Petersburg, for petitioners.
Paul W. Hitchens, St. Petersburg, for respondents.
SHAW, Justice.
We have for review Dohnal v. Syndicated Offices Systems, 506 So.2d 1138 (Fla. 2d DCA 1987), in which the district court certified the following as a question of great public importance:
DOES CLERICAL ERROR, SUCH AS IN THE INSTANT CASE, SHOW GOOD CAUSE JUSTIFYING AN EXTENSION OF TIME TO FILE SUIT PURSUANT TO SECTION 733.705(3), FLORIDA STATUTES (SUPP. 1984), WHERE THE ESTATE HAS SHOWN NO PREJUDICE.
Id. at 1139-40. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Palms of Pasadena Hospital timely filed a statement of claim against the estate of Susanne Dohnal. The estate's personal representatives filed an objection to the claim. Seventy days later, the hospital filed with the probate court a motion for extension of time for filing an independent action on the claim pursuant to section 733.705(3), which provides in pertinent part:
The claimant is limited to a period of 30 days from the date of service of an objection within which to bring an independent action upon the claim and within which to file written notice of such action in the estate proceeding. For good cause, the court may extend the time for ... filing an action or proceeding, and filing notice of the action or proceeding, after objection is filed... .
The hospital claimed that clerical error consisting of a missing computer entry caused the delay in filing the action and that an extension would not unduly delay the estate's administration. The trial court found that the hospital had shown good cause and granted the motion. The district court affirmed, finding that the trial court did not abuse its discretion, "particularly because no prejudice to the estate has been shown," 506 So.2d at 1139, relying in part on In Re Goldman's Estate, 79 So.2d 846 (Fla. 1955), and Williams v. Estate of Williams, 493 So.2d 44 (Fla. 5th DCA 1986).
We first address respondent's claim that the district court, in phrasing its question, impermissibly shifted the burden of proof, requiring the estate to show that it is not prejudiced by the extension. The creditor showed that the estate had been open approximately five to six months at the time of the motion, and that the independent action would not unduly delay the estate's administration. When a creditor shows that the estate will not be prejudiced, the burden must necessarily shift to the estate for rebuttal. The instant case does not present the question of the estate's burden where the creditor is silent as to prejudice. In the interest of clarity, we rephrase the certified question:
DOES CLERICAL ERROR, SUCH AS IN THE INSTANT CASE, SHOW GOOD CAUSE JUSTIFYING AN EXTENSION OF TIME TO FILE SUIT PURSUANT TO SECTION 733.705(3), FLORIDA STATUTES (SUPP. 1984), WHERE THE ESTATE IS NOT PREJUDICED.
*269 We recognized in In re Jeffries' Estate, 136 Fla. 410, 418, 181 So. 833, 837 (1938), that the time limitation within which a creditor must file an independent action is merely a rule of judicial procedure and not a statute of nonclaim.
The statute should be interpreted and applied so as to facilitate the settlement of estates in the interest of the public welfare, without unreasonably or unduly restricting the rights of creditors of such estates who in good faith and without laches endeavor to comply with the substantial and essential requirements of the statute in order that right and justice "shall be administered" by due course of law as commanded by Section 4 of the Declaration of Rights of the Florida Constitution.
The probate court may extend the creditor's time where good cause is shown for the delay. § 733.705(3), Fla. Stat. (Supp. 1984). We defined good cause in Goldman, finding that it is "`a substantial reason, one that affords a legal excuse,' or a `cause moving the court to its conclusion, not arbitrary or contrary to all the evidence,' and not mere `ignorance of law, hardship on petitioner, and reliance on [another's] advice.'" 79 So.2d at 848 (citations omitted). Judge Sharp correctly pointed out in Williams that, "[w]hat is or is not sufficient to establish `good cause' ... is primarily addressed to the conscience and discretion of the probate judge." 493 So.2d at 45.
The determination of good cause is based on the peculiar facts and circumstances of each case. Obviously the trial court is in the best position to weigh the equities involved, and his exercise of discretion will be overruled only upon a showing of abuse. We find none in the instant case. The court found good cause to grant the extension after considering the clerical error, the creditor's diligence, and the lack of prejudice to the estate. The court's decision was not "arbitrary or contrary to all the evidence." See Goldman, 79 So.2d at 848.
Accordingly, we answer the certified question, as rephrased, in the affirmative and approve the district court's decision.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, BARKETT, GRIMES and KOGAN, JJ., concur.