681 So.2d 813 (1996)
KELLY ASSISTED LIVING SERVICES, INC., Appellant,
v.
The ESTATE OF Frederick K. REUTER, Appellee.
No. 96-677.
District Court of Appeal of Florida, Third District.
October 9, 1996.
*814 Garry J. Alhalel and Robert M. Abramson, Miami, for appellant.
Gladys R. Navarro, Miami, for appellee.
Before SCHWARTZ, C.J., and LEVY and SHEVIN, JJ.
PER CURIAM.
The claimant in a probate proceeding below appeals from a trial court order striking its claim against the estate and denying its request for an extension of time within which to file an independent action in circuit court. For the following reasons, we reverse.
On August 7, 1995, an employee of Kelly Assisted Living Services, Inc., (hereinafter "Kelly"), the claimant below, filed a statement of claim with the probate court, seeking payment for services rendered to the decedent in the amount of $8,055.84. A subsequent claim was submitted by another Kelly employee on September 21, 1995, for the same amount, $8,055.84.
The estate filed an objection to both claims, stating as grounds that the claim had been filed in duplicate, on September 28, 1995. On December 5, 1995, the estate filed a motion to strike both of Kelly's claims. Although the only ground offered by the estate in support of its objection and motion to strike was that the claims were duplicative, the estate sought to strike both claims.
Kelly did not act until December 27, 1995, when it filed a response to the estate's objection to claim and motion to strike. The response included a request for an extension of time within which to file an independent action in the circuit court. After a hearing, the trial court granted the estate's motion to strike and struck both of Kelly's claims. On January 12, 1996, Kelly submitted a motion for reconsideration together with a memorandum in support of its request for an extension of time. At the hearing on the motion for reconsideration, Kelly contended that since the estate's sole objection to the claim was that it was filed in duplicate, Kelly's employees chose not to contest the motion within the given time period because they believed that the duplicative claim filed on September 21, 1995 would simply be struck, leaving the initial claim filed on August 7, 1995, intact and unaffected by the estate's motion to strike. The trial court entered its order denying Kelly's motion for reconsideration on February 8, 1996, and stated that the confusion of Kelly's employees regarding the estate's objection was legally insufficient to allow an extension of the time within which to file an independent action in circuit court.
Section 733.705(4), Florida Statutes (1995) states that a probate claimant is limited to a period of thirty days from the date of service of an objection to bring an independent action in circuit court on the claim. For good cause, however, the court may extend the time for filing an independent action. Id. In the instant case, Kelly received the objection and took no action for two months. Therefore, the primary issue on appeal is whether sufficient good cause is present in the record to relax the thirty day requirement.
*815 Courts in Florida faced with this issue have found good cause to allow an extension where secretarial or clerical error committed by lay employees has caused the delay. Dohnal v. Syndicated Offices Sys., 529 So.2d 267 (Fla.1988) (approving determination of good cause sufficient to grant an extension where claim had been forwarded to the claimant's collection division but it did not contain a computer entry that would normally indicate that an objection had been filed); Horn v. Air Sal, Inc., 519 So.2d 1106 (Fla. 3d DCA 1988) (affirming an extension where the delay was due to secretarial or clerical error in calendaring the date on which the action had to be filed).
In the instant case, Kelly's claim was initially handled by its employees who acted without the advice of counsel. Once employees at Kelly received the estate's objection, they determined that they had inadvertently submitted the same claim twice, and were under the impression that if they did nothing, the second claim would be stricken and the first claim would stand. While reliance on this assumption was apparently misplaced, it was reasonable for Kelly employees to perceive that the estate's objection only applied to the second claim because the only ground advanced in the objection was that the second claim was a duplicate of the first.[1]In re Estate of Matchett, 394 So.2d 437, 439 (Fla. 5th DCA 1981) ("The action of the personal representative in the instant case in departing from established procedure had the effect of lulling the appellant into a false sense of security and induced her to ignore the clear provision of the statute.").
An extension of time to establish an independent claim is generally granted where the extension will not result in prejudice or surprise to the estate. Horn, 519 So.2d at 1106; Williams v. Estate of Williams, 493 So.2d 44 (Fla. 5th DCA 1986). The estate was never in jeopardy of prejudice or surprise in this case because the estate has been aware of the claim since it was initially filed in August, 1995, as evidenced by the numerous pleadings filed by the estate in response to the claim.
Accordingly, we reverse the order denying Kelly's request for an extension of time within which to file its independent action, and remand with instructions to grant the said request.
Reversed and remanded with instructions.
NOTES
[1] No estate should be required to pay the same claim twice. However, an objection based on duplication can only apply to the second claim. To belabor the point, only the second claim can be attacked as a duplicate since the first claim is the original.