688 So.2d 421 (1997)
James Nielsen ROGERS, etc., Appellant,
v.
Charles Langdon ROGERS, et al., Appellees.
No. 96-1815.
District Court of Appeal of Florida, Third District.
February 26, 1997.
Dunwody White & Landon, P.A., and Jack A. Falk, Jr., for appellant.
Thomas F. Martin, Miami, for appellees.
Before JORGENSON, COPE and FLETCHER, JJ.
JORGENSON, Judge.
In this Dade County probate action, the personal representative appeals from an order entered in favor of the appellees, who are siblings of the personal representative and beneficiaries of the estate, transferring the action to San Francisco, California. For the following reasons, we reverse.
On June 29, 1995, the personal representative published a notice of administration; a copy of that notice was received by the appellees' attorney on October 2, 1995. On March 22, 1996, the appellees filed their "Objection to Venue," and moved to transfer the action to California. The trial court conducted an evidentiary hearing, then granted the motion; the court specifically ruled that "This cause shall be transferred to San Francisco, California." No ancillary proceedings had been brought relating to the property in California.[1]
We reverse. The trial court erred in entertaining the appellees' motion, as it was not timely filed. Section 733.212(5), Florida Statutes (1993), provides that:
Objections under paragraph (1)(b), by persons on whom notice was served, that are not filed within the later of three months after the date of first publication of the notice or 30 days after the date of service of a copy of the notice on the objecting person are forever barred. (Emphasis added.)
*422 The appellees did not file their objection to venue[2] until four months and twenty-one days after the statutory deadline had expired. Their objection was thus "forever barred." Cf. Baptist Hosp. of Miami, Inc. v. Carter, 658 So.2d 560, 563 (Fla. 3d DCA 1995) (section 733.710, Florida Statutes, which mandates that creditors' claims against estate be filed within two years of decedent's death, is a statute of limitations).
The trial court had absolutely no authority to "transfer" the probate proceeding to San Francisco, California. At oral argument, appellees conceded as much. The trial court's resolution of the venue issue is so novel and bewildering that this court is stymied in its efforts to find any authority relating to the proposition of whether a Dade Circuit Court can, ipse dixit, crate up and move pending litigation across the country. We then likewise hold, ipse dixit, that it cannot.[3]
REVERSED.
NOTES
[1] Ancillary proceedings in California may not be necessary. It appears from this admittedly scant record that the only property in California was held by the decedent and his son, the personal representative, as joint tenants.
[2] On appeal, the motion is characterized by the appellees as a motion to dismiss on the basis of forum non conveniens; that theory was not argued below, and it was not a basis of the trial court's order.
[3] We do not mean to suggest by this opinion that a trial court may never dismiss an action on the basis of forum non conveniens or, pursuant to Florida Rule of Civil Procedure 1.060, transfer a case to a different court within the county, or to a different county within the State of Florida. What we find so novel in this case is the trial court's impromptu transfer of the litigation to California.