CAMPBELL, Acting Chief Judge.
Appellants, beneficiaries under Decedent’s earlier will, challenge the trial court’s order that required any contest as to the validity of Decedent’s subsequent will dated November 24, 1997, be held in Mexico and not in Florida. We reverse.
This appeal is from two consolidated probate actions filed in Pinellas County after the January 29, 1998 death in Mexico of Azalea Lawson Barteau (Decedent). In a petition for probate, the first action below, Appellants sought to establish and admit to probate a lost Last Will and Testament of the Decedent executed in Florida on August 12, 1993 (the “Florida Will”). The second action, filed by Appel-lee, was for Ancillary Administration of a Spanish language Will (the “Mexican Will”) that Decedent executed in Mexico *58 on November 24, 1997. The two actions were consolidated at trial. In response to Appellee’s petition for ancillary administration of the Mexican Will, Appellants filed a declaration of adversary proceedings and an objection. (The Decedent’s domicile at the time of her death has not been established in the Florida proceedings.)
Appellee then moved to dismiss Appellants’ petition for probate of the Florida Will, alleging the existence of later wills executed by Decedent in Mexico. Appel-lee attached copies of those alleged later wills to his motion to dismiss and further alleged that the last dated Will (the Mexican Will) had been admitted to probate in Mexico so that any contest to the validity of or ancillary probate of that will must be in Mexico.
Appellants alleged that Decedent was domiciled in Pinellas County and owned real property there as well as in Mexico. Appellants further alleged that the Mexican Will was procured through fraud, undue influence and overreaching, and that Decedent lacked testamentary capacity at the time of execution of the Mexican Will. The trial judge agreed with Appellee and ordered that all proceedings related to the wills, including the petition for ancillary administration of the Mexican Will, be conducted in Mexico. In doing so, the trial judge rejected the applicability of In re Swanson’s Estate, 897 So.2d 465 (Fla. 2d DCA 1981), In re Roberg’s Estate, 396 So.2d 235 (Fla. 2d DCA 1981), and In re Estate of Hatcher, 439 So.2d 977 (Fla. 3d DCA 1983), instead, apparently relying upon a theory utilizing forum non conve-niens. This was error. While we have found no cases, and none have been cited to us, applicable to proper probate jurisdiction proceedings between Florida and foreign countries, we believe Swanson, Ro-berg and Hatcher, involving that same question albeit between different states, properly apply here. As was held in those cases, a will executed in another state by a domiciliary of the other state, and probated in the other state, is subject to the jurisdiction of Florida courts for the determination of the validity of that will when it is presented in Florida for the purpose of devising real property in Florida.
We, therefore, reverse and remand for further proceedings on the substantial validity of Decedent’s wills. In doing so, the place of Decedent’s domicile at the time of her death is a valid subject for determination.
WHATLEY and STRINGER, JJ„ Concur.