RAMIREZ, J.
Appellants Donald Devine and James Feltman, Co-Curators of the Estate of Ralph Laurence Devine [Estate], seek reversal of the trial court’s order granting Appellee Michael Kirkovich’s extension of time within which to file an independent action against the Estate. We reverse.
On January 4, 1999, Gary Handin, Esq., on behalf of Kirkovich, filed a Statement of Claim against the Estate. Counsel for the Co-Curators of the Estate filed an Objection to the claim on February 3, 1999. The Objection notified Kirkovich that he had thirty days from the date of service of the Objection to bring an action on the claim. In capital letters, Kirkovich was warned that failure to bring such an action within the time stated would forever bar any action or proceeding against the Co-Curators. Instead of bringing an action, Kirkovich filed a pro se motion to strike the Objection on March 8, 1999. He never set a hearing on the motion.
The Estate filed a Motion to Strike Statements of Claim on April 6, 1999, and set it for a hearing on May 11, 1999, notice of which was mailed to both Kirkovich and Handin. Neither Kirkovich nor anyone on his behalf appeared at the hearing. The court thus entered an order striking Kir-kovich’s claim.
Two weeks later, Ricardo A. Reyes, Esq., Kirkovich’s new counsel, filed a motion for extension of time to file Kirko-vich’s independent claim. The only ground asserted was that “Kirkovich, as a pro se litigant, believed his Motion to Strike met his requirement to file an independent action on his Claim as required under Section 723.705[sic], Florida Statutes.” The trial court granted Kirkovich’s motion for extension of time, holding that good cause was shown to extend the time limitation period because Kirkovich was acting pro se. We disagree.
Section 733.705(4), Florida Statutes (1989), requires independent claims against an estate be filed within thirty (30) days of receipt of an objection to the claim unless good cause is shown for an extension of the time limitation period. Good cause requires a substantial reason for the failure to comply and consists of either a legal excuse or a significant cause, not arbitrary or contrary to the evidence. In re Estate of Goldman, 79 So.2d 846, 848 (Fla.1955); see also In re Estate of Wilisch, 384 So.2d 223, 226 (Fla. 3rd DCA 1980)(there must be a legal excuse for *791 failure to file timely an independent action); Exchange Nat’l Bank of Winter Haven v. Field, 338 So.2d 889, 890 (Fla. 2nd DCA 1976)(legal excuse requires a substantial reason for the failure to comply timely).
Kirkovich argues that he is entitled to an extension of the time limitation period because, in acting pro se, he erroneously believed that his motion to strike the Estate’s Objection tolled the required time limitation period. However, this is not a substantial reason nor sufficient legal cause for Kirkovich’s failure to timely file his independent action. See In re Estate of Goldman, 79 So.2d at 848; In re Estate of Wilisch, 384 So.2d at 223. See also Pearson v. Pefkarou, 734 So.2d 551 (Fla. 3d DCA 1999) (rejecting argument that Pearson’s status as pro se litigant should excuse his failure to file his cause on a timely basis). The absence of a substantial reason or sufficient legal cause to justify the extension of time is particularly evident in Kirkovich’s failure to appear at the May 11th hearing on the Estate’s Motion to Strike Statements of Claim, two months after Kirkovich’s thirty-day filing deadline, and his filing of the motion for extension of time, well over two months after the filing deadline. Additionally, in his motion for extension of time, Kirkovich does not claim that he did not receive notice of the May 11th hearing.
In this case, the trial court determined that Kirkovich was entitled to an extension of time because he was acting pro se. There is no evidence in the record that Kirkovich acted pro se during the thirty-day time limitation period in which Kirkovich should have filed his claim. In fact, the record reflects that Kirkovich was represented by counsel during the period of time in which he filed his Statement of Claim and when the Objection to the claim was filed. There is no evidence of when Kirkovich’s initial counsel withdrew as counsel of record nor when new counsel was retained. A trial court’s decision to extend the time limitation period must not be arbitrary or contrary to evidence. In re Estate of Goldman, 79 So.2d at 848.
Furthermore, even if Kirkovich was representing himself, that fact alone does not constitute good cause. The only ground asserted in the motion for extension of time — that the pro se litigant erroneously believed his motion to strike satisfied the statutory requirements — was expressly rejected in In re Estate of Goldman, 79 So.2d at 848 (“a cause sufficient to authorize an extension of time for filing suit must be a ‘good cause,’ [which is] not mere ‘ignorance of law, hardship on petitioner, and reliance on (another’s) advice.’ ”).
Kirkovich relies on Kelly Assisted Living Servs., Inc. v. Estate of Reuter, 681 So.2d 813 (Fla. 3d DCA 1996), but that case involved a mistake of fact not a mistake of law. The claimants had inadvertently submitted the same claim twice and erroneously thought that only the second claim would be stricken. In Williams v. Estate of Williams, 493 So.2d 44 (Fla. 5th DCA 1986), also relied on by Kirkovich, the claimant filed a complaint but inadvertently styled it in the probate division, rather than the civil division, thus technically failing to commence an independent action — another mistake of fact. The court went on to state, however, that “good cause” has not been found where “there has been an inordinant or unexplained delay in filing the independent claim or seeking permission to do so.” Id. at 45 (emphasis added). While the delay here was not excessive, it was unexplained.
Based on the evidence in the record, we find that the trial court was presented with insufficient facts from which to find that good cause was shown for Kirkovich’s failure to timely file his independent action.
Reversed and remanded.