972 So.2d 281 (2008)
Roberta FERNANDEZ-FOX, Appellant,
v.
ESTATE OF David P. LINDSAY, Deceased, Appellee.
No. 5D07-717.
District Court of Appeal of Florida, Fifth District.
January 18, 2008.
Teresa N. Phillips and Alexander S. Douglas, II, of Pohl & Short, P.A., Winter Park, for Appellant.
Craig Corbett and James B. Byrne, of Law Office of James B. Byrne, Jr., P.A., Longwood, for Appellee, Vivienne Titus.
*283 Mark A. Reyes, Sanford, for Appellee, Estate of David P. Lindsay.
PLEUS, J.
Roberta Fernandez-Fox appeals a trial court order denying her petition for an extension of time to file an independent action against the estate of David P. Lindsay. Fox argues that the trial court erred in finding that a motion to strike was the same as an objection and, because the trial court's order was premised on this finding, reversal is required. We agree and reverse.
Fox and Lindsay owned a duplex as tenants in common and attempted to change title to a joint tenancy with right of survivorship. Although they endorsed mortgage documents with the designation JTWROS following their signatures, the change was never made in the public record. In August 2003, before they could make the proper changes, Lindsay died and left a will devising his estate to his stepson, stepdaughter-in-law, Vivienne Titus, and their children.
In August 2005, Fox filed a petition for administration. Additionally, Fox made several claims against the estate for storage fees, funeral expenses, and various claims involving the maintenance of the duplex she co-owned with Lindsay. Thereafter, Titus filed a motion to strike Fox's claims. Fox responded by filing an action against Titus and the estate to quiet title in the duplex. Titus' motion to strike Fox's claims was denied by the trial court.
In November 2005, Mark Reyes was appointed personal representative. He filed objections to Fox's claims nine months after his appointment, in September 2006. In accordance with Florida law, Fox petitioned the court for an extension of time to file an independent action in response to Reyes' objections. Upon considering the petition, the court determined that Titus' original motion to strike was an objection and Fox's claims were barred for not filing an independent action within thirty days of Titus' motion to strike. After denial of a motion for reconsideration, this appeal followed.
Fox argues that the trial court incorrectly ruled that a motion to strike and an objection are the same. Because the trial court's ruling is based on interpretation of the Florida Probate Code and Florida Probate Rules, this Court's standard of review is de novo. See, e.g., Pinellas County v. City of Largo, 964 So.2d 847, 851 (Fla. 2d DCA 2007). Section 733.705(2), Florida Statutes, provides, in pertinent part:
[A] personal representative or other interested person may file a written objection to a claim. If an objection is filed, the person serving it shall serve a copy of the objection as provided by the Florida Probate Rules. The failure to serve a copy of the objection constitutes an abandonment of the objection.
(Emphasis added). Subsection (5) provides that the claimant has "30 days from the date of service of an objection within which to bring an independent action on the claim." § 733.705(5), Fla. Stat.
The Florida Probate Rules, referenced in section 733.705, delineate specific requirements for filing an objection. Rule 5.496 states, in pertinent part:
(a) Filing. An objection to a claim shall be in writing and shall be filed on or before the expiration of 4 months from the first publication of notice to creditors or within 30 days from the timely filing or amendment of the claim, whichever occurs later.
. . . .
(c) Service. A personal representative or other interested person who files an objection to the claim shall serve a copy *284 . . . on the claimant or claimant's attorney within 10 days after the filing of the objection. . . .
(d) Notice to Claimant. An objection shall contain a statement that the claimant is limited to a period of 30 days from the date of service of an objection within which to bring an action as provided by law.

Fla. Prob. R. 5.496 (2005) (emphasis added).
Thus, the Florida Probate Code requires an objection to be served according to specific requirements. These include filing within a specified time period, personal service on the claimant, and a statement notifying the claimant of the time period limiting claimant's right to assert an independent action. Fla. Prob. R. 5.496. In this case, the motion to strike never indicated that it was also an objection and, more importantly, the motion to strike did not contain a statement that the claimant was limited to a thirty day period to file an independent action. Under the rule, this is required for an objection. Thus, even assuming that the motion to strike could double as an objection, it failed to comply with the rules governing the manner for objecting to a claim.
An objection must comply with the statutory requirements of section 733.705 and Rule 5.496. Because the motion to strike did not meet the requirements for an objection, the trial court erred by treating the two as the same.
Although the trial court additionally ruled that Fox's motion for extension failed to establish requisite good cause because it was unsupported by a sworn affidavit or other evidence, we disagree. Fox's petition made clear that a prior suit was pending with regard to ownership of the duplex. This Court has previously held that where an extension of time to establish an independent claim would not be prejudicial to the estate, courts generally should grant such extensions. Williams v. Estate of Williams, 493 So.2d 44 (Fla. 5th DCA 1986). See also Kelly Assisted Living Svcs., Inc. v. Estate of Reuter, 681 So.2d 813 (Fla. 3d DCA 1996). In Williams, this Court held that "the estate suffered no prejudice or surprise, since the claim and attempted suit had put it on notice of the substance of the claim." 493 So.2d at 46. Likewise, in the instant case, the fact that the suit had been filed on the claim to the duplex meant that the estate was on notice of such claims and would not have been prejudiced by the extension of time. The claims were filed in August of 2005. Thus, at the time of the objections in September 2006, the claims had existed for thirteen months. The estate was specifically named as a party to the claim on the duplex and was on notice that Fox sought to quiet title. The additional claims  to storage fees, funeral expenses, and alternative claims for maintenance of the duplex  had been outstanding for nearly a year. Because the facts in this case demonstrate that the estate was aware of the claims for an extended period of time and was joined as a party to a suit, good cause did exist and further, the estate would not have been prejudiced by an extension of time. Under these circumstances, the trial court should have granted the extension.
Finally, both Fox and the estate request an award of attorney's fees. The parties argue that they are entitled to fees as compensation for action taken for the benefit of the estate. However, because the decision of the trial court is reversed, Fox will be able to pursue a claim against the estate. A claim against the estate is not a benefit to the estate. Additionally, because the estate loses the appeal and now must litigate Fox's claim, the estate's attorneys have not benefited the estate. *285 Accordingly, neither party is entitled to attorney's fees because neither party has benefited the estate.
REVERSED AND REMANDED.
MONACO and EVANDER, JJ., concur.