DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE ATTORNEY'S OFFICE OF THE SEVENTEENTH JUDICIAL CIRCUIT**
and **SCHOOL BOARD OF BROWARD COUNTY,**
Appellants,

v.

**CABLE NEWS NETWORK, INC., MIAMI HERALD MEDIA COMPANY, SUN-SENTINEL COMPANY, LLC, ABC, INC., THE ASSOCIATED PRESS, THE BRADENTON HERALD, THE FIRST AMENDMENT FOUNDATION, FLORIDA PRESS ASSOCIATION, GANNETT COMPANY, INC., LOS ANGELES TIMES COMMUNICATIONS LLC, THE NEW YORK TIMES COMPANY, ORLANDO SENTINEL COMMUNICATIONS COMPANY, LLC, BROWARD COUNTY SHERIFF'S OFFICE,** and
**SCOTT ISRAEL,** in his official capacity as Broward County Sheriff,
Appellees.

Nos. 4D18-1335
and 4D18-1336

[August 3, 2018]

ON MOTION TO CERTIFY QUESTION
OF GREAT PUBLIC IMPORTANCE

Consolidated appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case No. CACE 18-004429 (09).

Michael J. Satz, State Attorney, and Joel Silvershein, Assistant State Attorney, Fort Lauderdale, for appellant, State Attorney's Office of the Seventeenth Judicial Circuit.

Eugene K. Pettis and Debra Potter Klauber of Haliczer, Pettis & Schwamm, P.A., Fort Lauderdale, for appellant, School Board of Broward County.

Dana J. McElroy, James J. McGuire, and Jon M. Philipson of Thomas & LoCicero, PL, Fort Lauderdale, for appellees, Cable News Network, Inc.; Miami Herald Media Company; and Sun-Sentinel Company, LLC, ABC, Inc.; The Associated Press; The Bradenton Herald; the First Amendment Foundation; the Florida Press Association; Gannett Co., Inc.; Los Angeles Times Communications LLC; The New York Times Company; and Orlando Sentinel Communications Company, LLC.

GROSS, J.

We deny the School Board's motion for certification. Because the holding in this case is carefully tailored to the specific facts of this case, the decision does not pass on a legal issue of great *public* importance.

By its motion, the School Board seeks to invoke the Supreme Court's discretionary jurisdiction. The Supreme Court "[m]ay review any decision of a district court of appeal that passes upon a question certified by it to be of great public importance. . . ." Art. V, § 3(b)(4), Fla. Const.; *see* Fla. R. App. P. 9.030(a)(2)(A)(v). The suggested question submitted by the School Board reads:

> When it is determined that a public records request "relates directly" to a security system, and is otherwise confidential and exempt from disclosure to the public under §§ 119.071(3)(a) and 281.301(1), whether the "good cause" exception to that exemption requires a showing of more than the public's need for the information.

An issue is not "of great public importance" where the issue is important only to the parties involved. *See generally Ansin v. Thurston*, 101 So. 2d 808, 811 (Fla. 1958). Where resolution of the question requires "consideration of a narrow issue with very unique facts," the Supreme Court will decline certification review. *Dade Cty. Prop. Appraiser v. Lisboa*, 737 So. 2d 1078 (Mem.) (Fla. 1999); *see also State v. Sowell*, 734 So. 2d 421, 422 (Fla. 1999) (finding jurisdiction improvidently granted where question "deals with an extremely narrow principle of law, and, as phrased, does not present an issue of 'great public importance.'"). In addition, the district courts are discouraged from asking the Supreme Court to – "in essence . . . check [their] work." *Owens-Corning Fiberglas Corp. v. Ballard*, 749 So. 2d 483, 485 n.3 (Fla. 1999) ("Although we accepted review in this case, the certified question appears to be more of a request for our approval of the conclusion reached by the court below than an issue involving great public importance.").

In its motion seeking certification, the School Board advances the following arguments:

- The opinion obviates the statutory exemption put in place to maintain safety and security of public buildings.
- The decision could impact every child attending public school in Florida (2,804,865 in Florida; 269,610 in Broward).

Addressing the first argument, this court's opinion did not create the good cause exception to the security plan exemption. The Legislature placed the "good cause" exception in the statute. Our determination affirming the circuit judge's

decision that the parties seeking the records established good cause in this case does not obliterate the statutory exemption for every case.

Addressing the second argument, it is hard to imagine any scenario where this court's decision would affect every child attending public school in Florida. Again, the Legislature placed the "good cause" exception in the statute. This court's decision simply defined the term "good cause" according to well-recognized common law principles and affirmed the trial court's discretionary finding of good cause *in this case*.[1]

The definition of "good cause" formulated in the opinion is based on "the peculiar facts and circumstances of each case." *State Attorney's Office of Seventeenth Judicial Circuit v. Cable News Network, Inc.*, No. 4D18-1335 (Fla. 4th DCA July 25, 2018) (quoting *Dohnal v. Syndicated Office Sys.*, 529 So. 2d 267, 269 (Fla. 1988)). Whether a party seeking release of public records has established good cause is "primarily addressed to the conscience and discretion" of the judge. *Id.* This court's decision reaffirmed Florida precedent that holds that a showing of good cause requires a case-specific weighing of the equities.

The finding of good cause in this case was narrowly tailored to the facts of this case. Contrary to the School Board's claim, this court did not simply find that good cause was shown based on "the public's need for the information." This court found that the trial court's finding of good cause in this case was not an abuse of discretion where:

- The authorities failed to enter a classroom building where a man was shooting at high school students until more than fourteen minutes after the shooting started;
- The authorities' narrative explaining the delay was confusing;
- The authorities' narrative explaining the delay differed from eyewitness accounts; and
- The authorities' narrative shifted and changed over time.

We held that in this instance, the public record sought (the video footage) will reveal the conduct of public servants discharging their assigned duties and responsibilities, something that the parents of students should be able to evaluate to participate in future decisions concerning the safety of their children.

KLINGENSMITH, J., concurs.
CONNER, J., dissents with opinion.

---

[1] We note that the dissent in the panel opinion violated principles of appellate review; it reweighed the evidence and did not apply the deferential standard of abuse of discretion review. The adoption of a *de novo* standard to review a trial court's determination of "good cause" is a departure from established jurisprudence.

CONNER, J., dissenting.

I dissent from the majority's decision not to certify a question of great public importance. Although the question posed by the School Board is not the appropriate question, I contend either the legislature or our supreme court needs to give some guidance to courts on what constitutes a good faith exception to the public records exclusion of information regarding security systems in public places.

The majority contends the underlying opinion issued in this case is very narrow and does not raise a question of great public importance, presumably because the opinion addresses "unique facts" and "the issue is important only to the parties involved." I contend the majority's opinion sets a precedent that a trial judge, as the finder of fact, can find a good faith reason to grant an exception to the exclusion from disclosure of public records under sections 119.071(3)(a) and 281.301(1), Florida Statutes (2018), based on a finding that the safety risks presented by the disclosure are "minimal." My dissent to the underlying opinion was not based on an improper appellate reweighing of evidence. My dissent was based on a contention that the assessment of risk in this case requires an analysis a trial judge is ill-equipped to engage in, and there was no countervailing evidence to dispute the expert evidence of risk presented by the School Board. *Cf. Tibbs v. State*, 397 So. 2d 1120, 1123 (Fla. 1981) ("The weight and the sufficiency of the evidence are, in theory, two distinct concepts most often relevant at the trial court level. Sufficiency is a test of adequacy. . . . Weight, at least in theory, is a somewhat more subjective concept."); *see also State, Dep't of Highway Safety & Motor Vehicles v. Wiggins*, 151 So. 3d 457, 476 (Fla. 1st DCA 2014) (Van Nortwick, J., dissenting) ("A determination that evidence is not competent substantial evidence does not involve a reweighing of the evidence."). My fellow panel members apparently contend the video footage they reviewed showed competent substantial evidence to support the trial judge's finding the disclosure would "minimally reveal information relating to the security system." If untrained persons can make that assessment, then I agree, the trial judge was within his discretion to so find.[2]

As I did in my dissent to the underlying opinion, I completely agree with the majority that the video footage will reveal the conduct of public servants

_____

[2] To the extent the contention is the risk presented by disclosure was "minimal" because the School Board was not actively monitoring the video system, thus the video system was not really a security system, that argument ignores two things: (1) passive video surveillance systems act as a deterrent because they assist law enforcement in capturing criminals; and (2) as the appellees repeatedly assert, the School Board has been redesigning the security system since the incident, which likely means the security cameras are now being monitored. Until cameras are enhanced, added, or relocated, security gaps in the existing system can be determined from the public disclosure.

- 4 -

discharging their assigned duties and responsibilities, something that the parents of students and the public at large should be able to evaluate to participate in future decisions concerning the safety of their children. I have no doubt the School Board is rapidly making changes to the video systems of all schools in Broward County. As a matter of public safety for the children attending public schools in Broward County, or at least the Douglas campus, I simply contend the disclosure should be postponed until competent substantial evidence is presented that the public's right to know outweighs the safety risks of disclosure.

I would certify to our supreme court the following question of great public importance:

> WHEN IT IS DETERMINED THAT A PUBLIC RECORDS REQUEST "RELATES DIRECTLY" TO A SECURITY SYSTEM OF A PUBLIC BUILDING AND IS SPECIFICALLY EXEMPTED FROM DISCLOSURE UNDER SECTIONS 119.071(3)(A) AND 281.301(1), FLORIDA STATUTES, DOES THE PUBLIC'S RIGHT TO INFORMATION ABOUT GOVERNMENTAL ACTIONS RESPONDING TO A VIOLENT ATTACK OCCURING IN A PUBLIC BUILDING CONSTITUTE A GOOD FAITH EXCEPTION TO THE EXEMPTION, WHERE THE DISCLOSURE COULD EXPOSE EXISTING GAPS IN A SECURITY SYSTEM, AND IF SO, TO WHAT EXTENT IS EXPERT EVIDENCE REQUIRED TO DETERMINE THE RISK OF EXPOSURE OF WEAKNESSES IN THE SECURITY SYSTEM?

*       *       *