DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**COLIN MARKES** and **SHARON HART-CORRIGAN,**
as Personal Representatives of the
**ESTATE OF KEITH ALBERT MARKES,**
Appellants,

v.

**GARRET MARKES,**
Appellee.

No. 4D2024-2101

[April 30, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Nicholas Lopane, Judge; L.T. Case No. PRC23-003928.

Brandan J. Pratt and Zander J. Retamar of Huth, Pratt & Milhauser, PLLC, Boca Raton, and Jennifer S. Carroll of the Law Offices of Jennifer S. Carrol, P.A., Jupiter, for appellants.

Gary Brookmyer of Brookmyer, Hochman, Probst & Jonas, P.A., Palm Beach Gardens, for appellee.

WARNER, J.

The personal representatives of the Estate of Keith Markes (Decedent) appeal an order which purported to transfer the probate proceeding to New York, because the probate court determined New York was the Decedent's last domicile in the United States. We affirm the court's order to the extent that it concluded that Florida was not the Decedent's domicile at the time of his death. We reverse the direction to transfer the probate proceeding to New York, both because venue remained in Broward County for probate where the Decedent owned real property, and the trial court lacked authority to transfer the proceedings to another state.

**Facts**

The Decedent came to the United States from Jamaica, residing in New York City for many years. He frequented Florida on vacations and amassed considerable property in the state. As the trial court noted in his

order, "[T]he decedent had, over the years, made known that it was his intention that when he retired he would retire in either Florida or Jamaica, the latter being his home country and as to which he had retained citizenship."

The Decedent executed documents confirming his intention to make Florida his residence and also executed other documents claiming residency in New York. In early 2017, the Decedent was hospitalized in New York after suffering at least one stroke. In July 2017, appellee, one of the Decedent's children, filed a petition in New York, seeking the appointment of a guardian due to the Decedent's incapacitation. In October 2018, the New York guardianship court appointed a guardian of the property of the Decedent.

The Decedent remained in New York until August of 2020, living in an assisted living facility. He then moved to Jamaica and resided there until his death in May 2023.

In August 2023, appellants initiated probate proceedings in Florida. The petition stated that the Decedent was a resident of and domiciled in Broward County at the time of his death in Jamaica, and therefore venue was proper in the lower court. The petition listed appellants and another child as the beneficiaries and/or interested parties to the estate, specifically noting that appellee was intentionally disinherited by the Decedent's 2017 will, which appellants sought to probate. Finally, the petition noted that the estate's assets included ten pieces of real property in Florida, eight of which were in Broward County.

Soon thereafter, the Broward court admitted the will to probate and appointed appellants as co-personal representatives of the estate.

After being notified of the pending proceedings, appellee filed a petition for leave to intervene and to revoke probate of the will or transfer probate proceedings to New York. Appellee, who claimed to be an "interested person" to the proceeding,[1] alleged that the Decedent was a resident of and domiciled in New York at the time of his death. Appellee stated that while the Decedent "was intending on moving his domicile to Florida, this

---

[1] While appellants claim that appellee had no standing to intervene, we disagree. An "'[i]nterested person' means any person who may reasonably be expected to be affected by the outcome of the particular proceeding involved." § 731.201(23), Fla. Stat. (2023). Appellee, a disinherited heir, had an interest in the outcome of the proceedings. Appellee's petition sought to revoke the will by which he was disinherited and to establish a prior will in which he was a beneficiary.

2

intention was never effectuated." In support of his claim that the Decedent was domiciled in New York at the time of his death, appellee cited the 2018 New York guardianship order. He requested that the Broward court transfer the probate to New York.

The Broward court held a hearing on the request to transfer the proceedings to New York. After reviewing the facts, the court concluded that Florida was not the Decedent's domicile at the time of his death. The court made these material findings of fact:

1. The decedent died on May 2, 2023 while residing in the country of Jamaica, where he had spent the last three years of his life. **The decedent went to Jamaica for the last time in August of 2020 and remained there for the rest of his life.** Before this last trip to Jamaica, the decedent had lived in New York City in an apartment that he owned and had lived in for two decades.

2. Prior to his death, the decedent had, over the years, made known **that it was his intention that when he retired he would retire in either Florida or Jamaica,** the latter being his home country and as to which he had retained citizenship. The decedent was also a United States resident.

3. In January of 2017, the decedent experienced a medical emergency and which had all of the signs of a stroke. He was hospitalized and released. About two months later, the decedent suffered another stroke and this time he was hospitalized but then went to a nursing facility then to a rehabilitation facility and then an assisted living facility and all of which were located in New York City.

4. In July of 2017, [appellee] initiated a Guardianship proceeding seeking to have a Guardianship established over the decedent. In September of 2018, the New York court entered its Order establishing a Guardianship over the decedent's property. That Guardianship proceeding appears to still be pending and it appears that the New York Guardianship court has not been advised of the decedent's death.

5. Then, in 2020, Covid happened and the living situation in the assisted living facility changed such that the residents were no longer allowed to congregate together and socialize.

**The decedent was a very social person and decided to go to Jamaica where he could live with family and enjoy life. And he did. He drank Red Stripe beer with his friends, played dominoes, went to the beach and never indicated any intention of leaving Jamaica**.

(Emphasis supplied.). The court found that, while the Decedent owned property in Florida and had spent several months a year in Florida, he had not visited Florida between 2020 and his death. Noting that section 733.101, Florida Statutes (2023), provides that venue of a probate proceeding is where a decedent is domiciled, the court concluded that Florida was not the Decedent's domicile. The court explained, "A person may have several temporary local residences, but can have only one legal residence. A legal residence, or domicile, is the place where a person has fixed an abode with the present intention of making their permanent home."

The order concluded:

> In this case, the evidence establishes that the decedent did not have a present intention of making Florida his home nor did he actually remove himself to Florida. Rather, he removed himself to Jamaica. The last domicile that the decedent had in the United States was in New York . . . .

The court then ordered that "[t]his matter shall be transferred to the appropriate Court in New York for further proceedings."

From that order, appellants filed this notice of appeal. We originally designated the appeal as one from a nonfinal order determining venue, Florida Rule of Appellate Procedure 9.130(a)(3)(A). However, we conclude that this is an appeal of a final order relinquishing jurisdiction over the probate.

## Analysis

We review the lower court's legal findings and its interpretation of the Florida Probate Code de novo, *Fernandez-Fox v. Estate of Lindsay*, 972 So. 2d 281, 283 (Fla. 5th DCA 2008), and review the trial court's factual findings for competent, substantial evidence. *Greenberg v. Bekins of S. Fla.*, 337 So. 3d 372, 375 (Fla. 4th DCA 2022) (citation omitted).

Appellants contend that the Broward court erred in transferring the probate proceeding to New York, because Florida was the domicile of the

4

Decedent at the time of his death.  Alternatively, they contend venue is proper in Broward County for a probate proceeding, because the Decedent owned property located there.  While competent substantial evidence supports the court's conclusion that the Decedent was not domiciled in Florida at the time of his death, we agree with appellants that venue is still proper in Florida.  Furthermore, the probate court lacked authority to "transfer" a probate matter to another state.

We begin by observing that the Broward court may have confused Florida's jurisdiction over a probate matter and venue.

> A Florida court may have jurisdiction over the distribution of a decedent's estate if Florida was the decedent's domicile at the time of his death *or* if the decedent owned property in Florida at the time of his death.  *See Biederman v. Cheatham*, 161 So. 2d 538 (Fla. 2d DCA 1964); *see also* § 733.101, Fla. Stat. (2000).  However, such jurisdiction is not necessarily exclusive.  If the decedent died a domiciliary of another state but owned personal property in Florida, both states may have jurisdiction over the distribution proceedings.

*Cuevas v. Kelly*, 873 So. 2d 367, 371 (Fla. 2d DCA 2004) (emphasis supplied).  Thus, a Florida court's determination of domicile does not relieve the court of jurisdiction over a decedent's estate when the decedent owns property in this State.

Section 731.201(13), Florida Statutes (2023), defines "domicile" as "a person's usual place of dwelling and shall be synonymous with residence."  Residence, in turn, is defined as "a person's place of dwelling."  § 731.201(34), Fla. Stat. (2023).

Section 733.101, Florida Statutes (2023), establishes venue for probate proceedings in Florida:

> (1)  The venue for probate of wills and granting letters shall be:
>
> (a) In the county in this state where the decedent was domiciled.
>
> **(b)  If the decedent had no domicile in this state, then in any county where the decedent's property is located**.

(c)  If the decedent had no domicile in this state and possessed no property in this state, then in the county where any debtor of the decedent resides.

*Id.* (emphasis supplied).  Here, Florida had jurisdiction, and venue was proper in Broward County, because the Decedent, although not domiciled in this State, owned property in Broward County.

Although the Decedent's last domicile in the United States was in New York, and he had a guardianship proceeding filed there, that does not control the issue of domicile.  The critical fact of domicile is the Decedent's present intention at the time of his death, as domicile requires the present residence "with positive or presumptive proof of an intention to remain there for an unlimited time." *Bloomfield v. City of St. Petersburg Beach*, 82 So. 2d 364, 368 (Fla. 1955).  The New York guardianship proceeding concerned the Decedent's property, not his person, so he could make his own decisions regarding his residence, as the guardianship order even contemplated.[2]  The Broward court's factual findings, and even its analysis of the law, shows Jamaica was the Decedent's domicile at the time of his death, as the court found that the Decedent had moved there with no stated intention of returning to the United States, whether it be to Florida or New York.  The court's factual findings show neither state to be the Decedent's domicile.

Even if New York could assert some jurisdiction over the Decedent's estate, Florida statutes provide that Florida courts retain jurisdiction to adjudicate the disposition of the Decedent's property in this State:

When a nonresident decedent, whether or not a citizen of the United States, provides by will that the testamentary disposition of tangible or intangible personal property having a situs within this state shall be construed and regulated by the laws of this state, the validity and effect of the dispositions shall be determined by Florida law.  The court may, and in the case of a decedent who was at the time of death a resident of a foreign country the court shall, direct the personal representative appointed in this state to make distribution directly to those designated by the decedent's

---

[2] The guardianship order stated, in part, "the Guardian shall report to the Court Examiner by written communication, **regarding any permanent change in the abode** of [the Decedent] . . . ."  (Emphasis supplied).  While the record does not reveal whether any such report was made, the Decedent ceased paying New York state income taxes after 2020.

will as beneficiaries of the tangible or intangible property or to the persons entitled to receive the decedent's personal estate under the laws of the decedent's domicile.

§ 731.106(2), Fla. Stat. (2023). In addition, section 732.502(2), Florida Statutes (2023), provides:

Any will, other than a holographic or nuncupative will, executed by a nonresident of Florida, either before or after this law takes effect, is valid as a will in this state if valid under the laws of the state or country where the will was executed.

§ 732.502(2), Fla. Stat. (2023).

Florida has authority to determine the validity of any will executed by a decedent, even if he was not domiciled in this State when he died. *See, e.g.*, *In re Estate of Barteau*, 736 So. 2d 57, 58 (Fla. 2d DCA 1999); *In re Estate of Hatcher*, 439 So. 2d 977, 980 (Fla. 3d DCA 1983); *In re Swanson's Estate*, 397 So. 2d 465, 467 (Fla. 2d DCA 1981); *see also Biederman*, 161 So. 2d at 542 ("The state in which the testator's property is located has jurisdiction over the property, and it has the power to grant original probate without waiting for the courts of the testator's domicile to pass upon the question of the validity of the will.").

Furthermore, the Broward court erred in determining that the proceedings should be "transferred" to New York where the guardianship remains pending, but no probate proceeding has been opened. Indeed, no authority exists for a Florida court to "transfer" a proceeding to another state. In *Rogers v. Rogers*, 688 So. 2d 421 (Fla. 3d DCA 1997), in a similar probate contest as is present in this case, one child of the decedent objected to venue in Florida and sought to have the probate proceedings transferred to California. The trial court granted the motion and ordered the transfer. *Id.* at 421. In reversing, the Third District stated:

The trial court had absolutely no authority to "transfer" the probate proceeding to San Francisco, California . . . . The trial court's resolution of the venue issue is so novel and bewildering that this court is stymied in its efforts to find any authority relating to the proposition of whether a Dade Circuit Court can, *ipse dixit*, crate up and move pending litigation across the country. We then likewise hold, *ipse dixit*, that it cannot.

*Id.* at 422. Likewise, the Broward court here had no authority to "transfer" this probate proceeding to New York.

## Conclusion

We affirm the Broward court's ruling in so far as it determines that Florida was not the Decedent's domicile when he died. The legal effect of the court's factual findings as to domicile mean that the Decedent died domiciled in Jamaica. Florida has jurisdiction over the non-domiciled Decedent's estate, because he died owning substantial property in this State.[3] Finally, under no circumstances did the Broward court have authority to simply transfer this Florida probate proceeding to New York. Thus, we reverse and remand for further proceedings.

*Reversed and remanded.*

GROSS and CIKLIN, JJ., concur.

\*　　\*　　\*

**Not final until disposition of timely filed motion for rehearing.**

---

[3] This may not preclude the Broward court from deferring to New York should probate proceedings be instituted in New York. *See Biederman*, 161 So. 2d at 542–43. No New York probate proceedings are currently pending, nor is it certain that New York would assert any jurisdiction over the Decedent's estate if he did not own property in that state, and was not domiciled there when he died.